UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>ABBINGTON PARTNERS, LLC,<br><br>Debtor. | Chapter 7<br>Case No. 15-12351 (FJB) |

**CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER FOR JAMES MITCHELL AND KAREN MITCHELL TO SHOW CAUSE (1) AS TO WHY THEY SHOULD NOT BE ENJOINED FROM FILING SUIT AGAINST THE TRUSTEE IN NORTH CAROLINA STATE COURT WITHOUT PRIOR LEAVE OF THIS COURT IN ACCORDANCE WITH THE *BARTON* DOCTRINE; AND (2) AS TO WHY THEY SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR ATTEMPTING TO INTERFERE WITH THE ORDERLY ADMINISTRATION OF THE ESTATE THROUGH EXTORTION BY THREATENING MERITLESS LITIGATION AGAINST THE TRUSTEE AND HIS COUNSEL**
(Expedited Hearing Requested)

**To The Honorable Frank J. Bailey, United States Bankruptcy Judge:**

John O. Desmond, Chapter 7 Trustee of Abbington Partners, LLC (the "Trustee") moves that this Court issue an order calling upon James Mitchell, the principal of the Debtor, and his sister Karen Mitchell, to appear in this court to show cause to why they should not be held in contempt of court for attempting to interfere with the orderly administration of the Estate, and why they need not seek leave of this Court to bring suit against the Trustee and his counsel in this action, Riemer & Braunstein LLP, Mark W. Corner and Alan L. Braunstein.

As indicted in the accompanying Affidavit of Peter H. Sutton, the Mitchells, through James Mitchell, have threatened to bring suit against the Trustee and his professionals for the sole and explicitly stated purpose of interfering with the Trustee's orderly administration of the Estate – specifically including reconvening the Debtor's

Section 341 Meeting, scheduled for June 13, 2016, which the Court has ordered James Mitchell, as the principal of the Debtor, to appear in person (see Docket No. 40), and the Trustee's prosecution of the pending Adversary Proceeding (Case No. 16-1060) against the Mitchells, to set aside a fraudulent transfer in violation of 11 U.S.C. §548(a)(1)(A). James Mitchell has explicitly stated that he would file a lawsuit (a draft of which was sent to Riemer & Braunstein and a copy of which is appended to the accompanying Affidavit of Peter H. Sutton) if the Trustee and his counsel did not "go away" and leave Mitchell and his sister (the recipient of the fraudulent transfer to be set aside in the Adversary Proceeding) alone.

The Mitchells' extortionate threats are improper and the very essence of an abuse of process and of the legal system. While inappropriate under any set of circumstances, their actions are all the more egregious when unlawfully pursued against a trustee in bankruptcy who is simply attempting to collect assets of the Estate, including the recovery of a payment made by the Debtor which James Mitchell has admitted under oath at the previous Section 341 meeting testimony (conducted telephonically), and has stated in his draft Verified Complaint, were made for the express purpose of shielding such funds from attachment by a creditor – admittedly made with "actual intent to hinder, delay, or defraud" that creditor, in violation of 11 U.S.C. §548(a)(1)(A). They should be called upon to answer for their unlawful conduct in attempting to influence the Trustee's professionals.

In support of this motion, the Trustee states as follows:

1. James Mitchell is a serial litigant. Public records reflect that he has been involved in over 100 lawsuits in Massachusetts and in other jurisdictions. His approach

here is not even remotely subtle. As indicated in the Affidavit of Peter H. Sutton, his sole stated purpose for threatening to file suit – the allegations of which are false, defamatory and fantastical – in North Carolina state court – a jurisdiction with no personal or subject matter jurisdiction over the claims asserted, where none of the Defendants has any contacts whatsoever – is to cause the Trustee and his counsel to incur legal fees, as leverage to obtain discontinuance of the entire case, including the Adversary Proceeding and James Mitchell's involvement in the bankruptcy as the principal of the Debtor. Mr. Mitchell has been ordered to supply the Trustee with a creditor matrix, and to appear in person at the continued Section 341 meeting on June 13, 2016.

2. James Mitchell, in his efforts to create leverage through extortion, has explicitly threatened suit against the Trustee. It is abundantly clear, however, that a party must seek leave of the bankruptcy court to file suit in a forum other than that of the appointing court before commencing an action against a bankruptcy trustee. See In re Linton, 136 F.3d 544, 545 (7th Cir. 1998). In Barton v. Barbour, 104 U.S. 126, 127 (1881), the Supreme Court ruled that the common law bars suits against receivers in courts other than the court charged with the administration of the estate, and that leave of the court by which the trustee was appointed must be obtained:

> So, in cases of bankruptcy, many incidental questions arise in the course of administering the bankrupt estate, which would ordinarily be pure cases at law, and in respect of their facts triable by jury, but, as belonging to the bankruptcy proceedings, they become cases over which the bankruptcy court, which acts as a court of equity, and exercises exclusive control.

104 U.S. at 134; see also Katchen v. Landy, 382 U.S. 323, 337 (1966). While Barton involved a receiver in state court, the circuit courts have extended the Barton Doctrine to lawsuits against a bankruptcy trustee. See Muratore v. Darr, 375 F.3d 140, 143-44 (1st Cir. 2004); Carter v. Rodgers, 220 F.3d 1249, 1252 (11th Cir. 2000).

3

3.       The requirement that a claimant first seek leave to file suit against a trustee enables the Bankruptcy Court to maintain better control over the administration of the estate – precisely the situation presented here. The rationale for the Barton Doctrine is set forth by the Supreme Court as follows:

> A suit therefore, brought without leave to recover judgment against a receiver for a money demand, is virtually a suit the purpose of which is, and effect of which may be, to take the property of the trust from his hands and apply it to the payment of the plaintiff's claim, without regard to the rights of other creditors or the orders of the court which is administering the trust property. We think, therefore, that it is immaterial whether the suit is brought against him to recover specific property or to obtain judgment for a money demand. In either case leave should be first obtained [emphasis added].

Barton, 104 U.S. at 129. See Hutchins v. Shatz, Schwartz & Fentin, P.C., 494 B.R. 108 (D. Mass. 2013) ("In light of the important role of a trustee in the administration of a bankruptcy estate and the fact that bankruptcy courts appoint trustees, an individual who wishes to pursue an action against a trustee for acts done in his or her official capacity must first seek leave from the court which appointed the trustee"). Indeed, this Court has recognized authority that the Barton doctrine is also a condition for a third party to sue a bankruptcy trustee in the bankruptcy court. In re Feeley, 393 B.R. 43, 50-51 (Bankr. D. Mass. 2008), *citing* In re Weisser Eyecare, Inc., 245 B.R. 844 (Bankr.N.D.Ill.2000). See also In re marchFIRST, Inc., 378 B.R. 563, 566-67 (Bankr. N.D. Ill. 2007), *aff'd*, 01 B 24742, 2008 WL 4287634 (N.D. Ill. Sept. 12, 2008), *aff'd sub nom.* In re marchFIRST Inc., 589 F.3d 901 (7th Cir. 2009).

4.       Furthermore, the Barton doctrine requires permission from the Bankruptcy Court to bring suit against the Trustee's counsel. See Wagner v. Lankford (In re Vaughan Co.), 2014 Bankr. LEXIS 618, *5-6 (Bankr. D.N.M. Feb. 14, 2014) ("The protections of the Barton doctrine extend to the trustee's counsel "'where [counsel] act[s]

at the direction of the trustee and for the purpose of administering the estate or protecting its assets," *citing* In re DeLorean Motor Co., 991 F.2d 1236, 1241 (6th Cir.1993); Lawrence v. Goldberg, 573 F.3d 1265, 1269-1270 (11th Cir. 2009) (noting that the Barton doctrine applies to professionals retained by the trustee).  See also Gordon v. Nick, 1998 U.S. App. LEXIS 21519, 1998 WL 559734, *2 (4th Cir. 1998) ("The Barton doctrine protects not only the trustee, but also other court-appointed officers who represent the bankruptcy estate, including the attorney of the trustee."); In re Balboa Improvements, Ltd., 99 B.R. 966, 970 (9th Cir. BAP 1989) (Barton doctrine applies to suits against the trustee's attorneys); Hutchins, 494 B.R. at 115-16.

      5.      In any event, before leave to sue a trustee may be obtained, the claimant must be able to plead the elements of a *prima facie* case against the trustee and his professionals.  In re Feeley, 393 B.R. at 50-51; In re Berry Publishing Services, Inc.*,* 231 B.R. 676 (Bankr. N.D. Ill.1999), *citing* In re Kahsai*,* 190 B.R. 875 (9th Cir. BAP 1995).  A trustee "cannot be held personally liable unless he acted outside the scope of his authority as trustee, *i.e.* ultra vires, or breached a fiduciary duty that he owed as the trustee to some claimant."  State of Ill., Dept. of Revenue v. Schechter*,* 195 B.R. 380, 384 (N.D. Ill. 1996).  Here, the conduct of which the Mitchells complain in their draft Verified Complaint consists entirely of the Trustee administering his duties, and directing his counsel to do so.

      6.      The Mitchells' effort to inhibit the Trustee, and his counsel at his direction, from administering the estate, including the Section 341 Meeting to identify and assess the financial action and conduct of the Debtor, and to avoid a transfer to Karen Mitchell that James Mitchell has all but admitted is fraudulent, constitutes an act to

5

exercise control over Estate assets, in violation of the automatic stay. See 11 U.S.C. §362(a)(3). Sanctioning the Mitchells' conduct, and enjoining them from proceeding with litigation in a foreign jurisdiction, promotes the general policies of bankruptcy by allowing an orderly administration of the Estate. See Peterson v. Ellerbrock Family Trust, LLC (In Re: Lancelot Investors Fund, L.P.), 408 B.R. 167, 174-75 (Bankr. N. D. Ill. 2009). Rather than simply contesting the allegations in the Adversary Proceeding, the Mitchells seek to shift the form of the case to require the Trustee and his counsel to go to the expense of defending a frivolous lawsuit in a foreign jurisdiction with no connection whatsoever to the bankruptcy. Indeed, as noted in the Sutton Affidavit, James Mitchell's reaction to Trustee's counsel's lack of interest in discontinuing legal action in exchange for not filing suit was "see you in North Carolina."

7. Pursuant to MLBR 9013-1(g)(1)(B), the Trustee seeks "Expedited Determination" of this motion, earlier than seven (7) days after its filing, in order to prevent the Mitchells from filing suit prior to acting on this motion, as would require the Trustee to go to the expense of defending an unauthorized action in North Carolina.

WHEREFORE, the Court should order James Mitchell and Karen Mitchell to appear personally before the Court to show cause as to why they should not be enjoined from bringing suit against the Trustee, and sanctioned for their conduct.

JOHN O. DESMOND, CHAPTER 7 TRUSTEE OF ABBINGTON PARTNERS, LLC

By his Attorneys,

 */s/ Mark W. Corner*
Mark W. Corner (BBO #550156)
RIEMER & BRAUNSTEIN LLP
Three Center Plaza
Boston, Massachusetts  02108
Tel: (617) 523-9000
Fax: (617) 880-3456
mcorner@riemerlaw.com

UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>ABBINGTON PARTNERS, LLC,<br><br>　　　　　　Debtor. | Chapter 7<br>Case No. 15-12351 (FJB) |

## CERTIFICATE OF SERVICE

Mark W. Corner hereby certifies that on May 27, 2016 I have caused to be served on the date hereof a true and accurate copy of the foregoing motion and the accompanying Affidavit of Peter H. Sutton by electronic to the individuals listed below and any other party receiving electronic notification in this case.

    Office of the United States Trustee
    J.W. McCormack Post Office & Courthouse
    5 Post Office Square, 10th Floor, Suite 1000
    Boston, MA 02109
    USTPRegion01.BO.ECF@USDOJ.GOV  (EN)

    John O. Desmond
    24 Union Avenue, Suite 23
    Framingham, MA 01702
    trustee@jdesmond.com; jdesmond@ecf.epiqsystems.com (EN)

    James Mitchell
    6 Consultant Place
    Suite 100A
    Durham, NC 27707-3598
    jmitchell@abbingtonpartners.com

    David Crossley, Esquire (counsel to Karen Mitchell in AP 16-1060)
    CROSSLEY LAW OFFICES
    448 Concord Street
    Framingham, MA 01702
    dcrossley@crossley-law.com

David Pearlman, Esq.
Pearlman Legal Enterprises
One Boston Place, Suite 2600
Boston, MA 02108

Tal Unrad, Esq.
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
tunrad@burnslev.com, fdovale@burnslev.com
(counsel for petitioners)

Frank Iacono, Esq.
6 Donald Court West
Blue Point, NY 11715
(petitioning creditor)

Stamatis Astras
255 Beacon Street
Boston, MA 02116
(petitioning creditor)

David J. Byer
66 Gosport Road
Portsmouth, NH 03801
(petitioning creditor)

　　　　　　　　　　　　　　　　　　　　*/s/ Mark W. Corner*
　　　　　　　　　　　　　　　　　　　　Mark W. Corner (BBO #550156)

1990112.1