UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

Chapter 7
Case No. 15-12351 (FJB)

In re:

ABBINGTON PARTNERS, LLC
Debtor

US BANKRUPTCY COURT
2016 JUL 13 AM 10 35

JAMES MITCHELLS' VERIFIED EXPEDITED
MOTION TO ENLARGE THE BAR DATE
FOR CREDITORS TO FILE A PROOF OF CLAIM

James Mitchell ("James") requests that the bar date (currently set for July 22, 2016) for creditors to file a *Proof of Claim* be enlarged because the Trustee has completely fouled up serving many of the Debtor's creditors. All of the factual allegations contained herein are verified by James (see verification on page 13).

I. FACTUAL BACKGROUND

1. On April 25, 2016, this Court established a bar date of April 25, 2016. Docket entry 41. The Order states (upper case capitalization changed to lower case):

Notwithstanding the colloquy regarding the proposed date, the Court will set the bar dates for July 22, 2016.

James does not remember much about the discussion concerning the bar date, but a reasonable interpretation of such order is that the Court wanted to give the creditors a fair amount of time to file a *Proof of Claim.*

2. The Trustee's counsel, Alan Braunstein, prepared a notice of bar date (the "Notice of Bar Date") which is dated April 29, 2016, four days after this Court's order. Docket entry 44.

## Schedules

3. On Friday, June 3, 2016, James emailed the schedules and creditor matrix to the Trustee, his counsel and others (collectively, the "Receiving Parties").

4. That weekend, James noticed some typos etc., which he cleaned up. On Monday, June 6, 2016, James emailed the first amended schedules and creditor matrix to the Receiving Parties. He also mailed these to the Court. Docket entry 54.[1]

5. On June 20, 2016, James emailed the second amended schedules and creditor matrix to the Receiving Parties, as well as mailing these to the Court. Docket entry 56.

## Addresses

6. For three of Abbington's creditors, James did not have an address:

- Jessica Self
- Katie Collora
- The Estate of Brad Lange

As noted in the notes that James has filed (Docket entries 54 and 56), in order to create a "placeholder" for such creditors, James listed their address as "c/o James Mitchell." This week Jessica Self gave James her address, and James will be filing a notice of change of address for her. As to the other creditors, James has tried yet again to reach them and they have not called back.

---

1. Due to short time between June 3 and June 6, James did not mail the June 3 schedules to the Court. Because such schedules (Set One) are relevant to James' motion, James has attached them as Exhibit "A."

## Certificates of Service by the Trustee

7. On June 24, 2016, the Trustee's counsel filed a Certificate of Service stating he had served the Notice of Bar Date upon the matrix attached in his pleading. Docket entry 57.

June 24 is <u>three weeks (21 days)</u> after James served the schedules and creditor matrix listed in ¶ 3 above. Braunstein has not provided an explanation for this three week delay, a delay which is particularly remarkable because the Notice of Bar Date had been prepared by Braunstein more than one month before James served the Receiving Parties with the schedules and creditor matrix.

8. On July 6, 2016, attorney Braunstein filed a second certificate, listing ten creditors (the "Ten Creditors") he served on that date (in other words, he did not serve the Ten Creditors on June 24. Docket entry 58. Braunstein was clear who was to blame, namely James:

> These creditors were recently added by James Mitchell in his Amended Schedules that were filed on or about June 20, 2016. This list is based on the Trustee's comparison of the Matrix he prepared from Abbington's two prior bankruptcies where none of these alleged creditors or parties-in-interest appear. The Trustee has no knowledge that these are valid parties-in-interest and reserves any and all claims against James Mitchell for adding creditors for the purposes of attempting to defeat the proposed Chapter 11 Plan by the proposed Plan Proponent.

The Ten Creditors are:

- Rick Cacase
- Mac Clark
- Katie Collora
- John Hayes
- Jamie Herndon
- The Estate of Brad Lange
- Ramon Masso-Flores
- Pearlman Legal Enterprises

- Peroz, Zoppo and Associates
- Jessica Self.

As will be noted in Section III below, it is Braunstein that screwed up, not James.

## Two Prior Bankruptcy Cases

9. Abbington has been in bankruptcy twice before, both on a voluntary basis. The first instance a Chapter 7 case in this Court in February 2013, case no. 13-10224 (Feeney, J.) (the "Feeney Case"). The reason for Abbington filing that case was due to imminent evictions by two landlords. Once Judge Feeney granted both landlords relief from the automatic stay, Abbington saw no purpose in being in bankruptcy. The Clerk advised James that if Abbington did not file amended pleadings, the case would be dismissed, and that seemed the fastest way to ensure that the case would be dismissed.

Such filing was on an emergency basis and thus the schedules submitted were obviously incomplete. If relief from the automatic stay had not been granted, Abbington would have converted the case to a Chapter 11 case and Abbington would have submitted amended schedules.

10. The second instance was a Chapter 11 case in North Carolina in July 2014, case no. BK-14-80681. That case was also filed on an emergency basis, seeking to stop litigation in Suffolk Superior Court. Due to the emergency basis, Abbington filed such case without counsel, having been told by the clerk's office that as long as counsel was obtained before the first hearing, everything would be fine. James did obtain counsel but the Court stated at the hearing (for the first time) that such counsel had to be local counsel. The Court dismissed the case.

## Efforts by James

11. James has gone to heroic efforts to identify all creditors. While Abbington was operating, it never had funds to hire a bookkeeper, and frankly spending money on landing customers was more imporant than bookkeeping. Since 2012:

In addition, due to economics, Abbington has never had a proper server, and various computer files have been corrupted.

- Abbington was evicted from its offices in February 2013. The movers, who were hired by the landlords, were not concerned with packing Abbington's records carefully.

- At least one of the movers stole some of the items in the Massachusetts warehouse.

- Abbington's property were then stored in a warehouse and then moved to North Carolina. James ran out of money to pay the North Carolina warehouse and thus access to the records in the warehouse has been cut off.

- At least one of the moves stole some of the items in the Massachusetts warehouse.

In addition, due to economics, Abbington has never had a proper server, and various computer files have been corrupted.

Despite all of this, James has gone to extraordinary efforts to identify all creditors, including examining:

- thousand of emails

- over 100 versions of a company telephone directory, seeing who was listed, even briefly

- examining all checks

- examining all bank statements

- making more than 100 telephone calls.

## II. SPREADSHEET OF SCHEDULES
## CERTIFICATES OF SERVICE

12. James has prepared a spreadsheet which lists relevant information (see next three pages).

13. In the top left are:

- Document (row 1) – Either:
    - *Bankruptcy Schedules* – Of which there are three sets: June 3 (column C), June 6 (column E) and June 20 (column G) (all dates are for 2016)
    - *Certificates of Service* filed by attorney Braunstein – Of which there are two sets: June 24 (column I) and July 6 (column K)
- Set (row 2) – See above
- Date of the set (row 3)
- Prepared by (row 4) – Either:
    - *James* – James prepared the three sets schedules and creditor matrix
    - *Trustee* – Trustee's counsel (Braunstein) prepared the two Certificates of Service.

14. James has started with the creditors listed in the June 20 schedules (Set Three, listed in column G). Docket entry 56. Thus, each cell in column G will by definition have an "X" in it. For each document in the other columns (columns C, E, G, I and K), James has listed whether such creditor is listed in the corresponding document (schedules or Certificate of Service).

# Spreadsheet of Schedules and Certificates of Service

| | Bankruptcy Schedules | | | Certificate of Service | |
|---|---|---|---|---|---|
| Document | Set One | Set Two | Set Three | Set One | Set Two |
| Set no. | | | | | |
| Date of the set | June 3 | June 6 | June 20 | June 24 | July 6 |
| Prepared by | James | James | James | Trustee | Trustee |
| Bradley J. Abbas | X | X | X | X | |
| Alex Abyzov | X | X | X | X | |
| Stamatis Astra | X | X | X | X | |
| Belmont Spring Company | X | X | X | X | |
| David J. Byer | X | X | X | X | |
| Rick Cacase | X | X | X | | X |
| William Caven | X | X | X | X | |
| Chardon Law | X | X | X | X | |
| Mac Clark | X | X | X | | X |
| Cohan, Rasnick | X | X | X | X | |
| Katie Collora | X | X | X | | X |
| John DerBoghosian | X | X | X | X | |
| Dow Jones | X | X | X | X | |
| George Durkee | X | X | X | X | |
| Steven Giacalone | X | X | X | X | |
| Nicholas Grasso | X | X | X | X | |
| Ralph Griesenbeck | X | X | X | X | |
| Patrick Groulz | X | X | X | X | |
| James Hammond | X | X | X | X | |
| John Hayes | X | X | X | | X |

# Spreadsheet of Schedules and Certificates of Service

| | A | B | C | D | E | F | G | H | I | J | K |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Document | | Bankruptcy Schedules | | | | | | Certificate of Service | | |
| 2 | Set no. | | Set One | | Set Two | | Set Three | | Set One | | Set Two |
| 3 | Date of the set | | June 3 | | June 6 | | June 20 | | June 24 | | July 6 |
| 4 | Prepared by | | James | | James | | James | | Trustee | | Trustee |
| 26 | Jamie Herndon | | X | | X | | X | | | | X |
| 27 | Cean Howman | | X | | X | | X | | X | | |
| 28 | Iacono Law, LLC | | X | | X | | X | | X | | |
| 29 | Frank Iacono | | X | | X | | X | | X | | |
| 30 | Kalnext Limited Partnership | | X | | X | | X | | X | | |
| 31 | Estate of Brad Lange | | X | | X | | X | | | | X |
| 32 | Keith MacKay | | X | | X | | X | | X | | |
| 33 | Dale Malone | | X | | X | | X | | X | | |
| 34 | W.B. Mason | | X | | X | | X | | X | | |
| 35 | Ramon Masso-Flores | | X | | X | | X | | | | X |
| 36 | Bimal Raj Merchant | | X | | X | | X | | X | | |
| 37 | Metro Cab | | X | | X | | X | | X | | |
| 38 | Michael Nowicki | | X | | X | | X | | X | | |
| 39 | Nstar | | X | | X | | X | | X | | |
| 40 | Pacer Service Center | | X | | X | | X | | X | | |
| 41 | Pearlman Legal Enterprises | | X | | X | | X | | | | X |
| 42 | Peroz, Zoppo and Associates | | X | | X | | X | | | | X |
| 43 | Pitney Bowes | | X | | X | | X | | X | | |
| 44 | Thomas M. Poaps | | X | | X | | X | | X | | |
| 45 | Powers & Merchant, PLLC | | X | | X | | X | | X | | |

Spreadsheet of Schedules and Certificates of Service

| | | Bankruptcy Schedules | | | Certificate of Service | |
|---|---|---|---|---|---|---|
| **Document** | | | | | | |
| Set no. | Set One | Set Two | Set Three | Set One | Set Two | |
| Date of the set | June 3 | June 6 | June 20 | June 24 | July 6 | |
| Prepared by | James | James | James | Trustee | Trustee | |
| John Powers | X | X | X | X | | |
| Brian Rowe | X | X | X | X | | |
| Jonathan Rubin | X | X | X | X | | |
| Michael Salem | X | X | X | X | | |
| Jessica Self | X | X | X | | X | |
| South Haven Financial, LLC | X | X | X | X | | |
| Verizon | X | X | X | X | | |
| Village Software | X | X | X | X | | |
| Zray Technologies | X | X | X | | | |

## III. MISTAKES MADE BY TRUSTEE'S COUNSEL

15. The most casual perusal of this spreadsheet shows the Trustee has seriously screwed up. One creditor – Zray Technologies – has not been served even though it has been listed in Set One, Set Two *and* Set Three of the schedules.

16. As for the Ten Creditors, on July 6, 2016 the Trustee blames James for them not being served, claiming that James did not did not list them in Sets One and Two, and only listed them in Set Three (dated June 20, 2016). The problem for the Trustee is that this statement is a flagrant lie – ALL of the Ten Creditors were listed in *all* three sets of bankruptcy schedules.

17. Rather than being truthful and saying to the Court, "I screwed up, I am sorry," Braunstein lied to this Court, claiming that the Ten Creditors were added on June 20, which in fact they were listed in all three sets of schedules. And top it off, the Trustee "reserves any and all claims against James Mitchell for adding creditors"!

18. Thus, as far as the Ten Creditors are concerned:

- On April 25, this Court established a bar date.
- On April 29, Braunstein writes his Notice of Bar Date.
- On June 3, James serves Braunstein with Set One of the Schedules, which list all Ten Creditors. Such Ten Creditors are also listed in Set Two (June 6) and Set Three (June 20).
- Yet it was only on July 6 – more than one month after being provided with the names and addresses of the Ten Creditors – that Braunstein notices the Ten Creditors.

19. Rather than being truthful and saying to the Court, "I screwed up, I am sorry," Braunstein lies to this Court, claiming that the Ten Creditors were added on June 20, which in fact they were listed in all three sets of schedules. And top it off, the Trustee "reserves any and all claims against James Mitchell for adding creditors"!

## IV. CONCLUSION

The Trustee has clearly botched service and refuses to accept responsibility for his sloppy work. One creditor has never been notified and the Ten Creditors were notified more than one month after the Trustee was provided with their names. As to the other creditors, the Trustee has provided no explanation for why such other creditors were not served within a few days after the Notice of Bar Date was prepared on April 29 and why the Trustee's counsel waited three weeks to serve them.

## V. RELIEF REQUESTED

1. That all of the creditors be served properly, and be provided with at least six weeks' notice after such reserve.

2. That Zray Technologies be served

3. That the Trustee effectuate such services within five days of an order from this Court.

## VI. COMMUNICATIONS WITH BRAUNSTEIN

In an attempt to resolve this issue, James has communicated with Braunstein via emails, and such emails are attached as Exhibit B. Since the Trustee will probably bring up some of the discussion, James will address the following points in such emails:

- In ¶¶ 9 and 10 above, James has explained why some of the creditors were not listed in the Feeney and North Carolina bankruptcies, namely that those two cases were filed on an emergency basis. In pp. 11 above, James has described the extraordinary measures he has taken to identify all creditors. In addition, for some of these creditors, their claims arose after the closing of the North Carolina bankruptcies.[2]

---

2. For example, ~~Jamie Herndon and Jessica Self provided services,~~ attorney Ramon Rasso-Flores provided legal services, and Jamie Herndon and Jessica Self provided offices services, after the North Carolina case was closed.

- As for James expecting the three creditors listed in ¶ 6 to receive notices, James has explained that he did not have their addresses and he listed them as "placeholders." Since then, James has obtained Jessica Self's address.

As to the Braunstein's request that James "provide me with whatever information that you have as regards to the obligations you contend that Abbington owes to the claimants who you contend did not receive the notice of the bar date" – All of such creditors were listed in Set One, Two and Three. James attended the second 341 examination on June 13, 2016 and stayed under it ended (around noon or so). James does not recall *any* questions about such creditors. Furthermore, any creditor who files a Proof of Claim will provide whatever information he or she feels is appropriate concerning their claim.

## VII. EXPEDITED HEARING

Due to the June 22 deadlines, James requests an expedited hearing on his motion, ideally on Thursday, June 14. James further requests that he be permitted to appear telephonically and that the Trustee provide any opposition at least one hour before such hearing. The Trustee and his counsel are being served with motion before 7 pm Eastern time on Tuesday, July 12.[3]

---

3. For the Trustee's motion to enjoin James from suing him, his counsel was able to turn around pleadings in one day, on a matter much more complex than this one.

Date: July 12, 2016.

Respectfully submitted,

*(signature)*

James Mitchell, *pro se*
6 Consultant Place, Suite 100A
Durham, NC 27707
(424) 249-7910
Fax (424) 249-7990
jmitchell102@gmail.com

## VERIFICATION

I declare under the pains and penalties of perjury under the laws of the State of North Carolina that I have read the foregoing pleading. Based on my own personal knowledge, all of the factual allegations contained herein are true and accurate.

Dated: July 12, 2016.

*(signature)*

James Mitchell

## Certificate of Service

I, James Mitchell, hereby certify that on July 12, 2016 I served a true and accurate copy of the foregoing pleading by first class United States mail, postage pre-paid, or by electronic notification, to the individuals listed below:

1.    Office of the United States Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109
USTPRegion01.BO.ECF@USDOJ.GOV;eric.k.bradford@usdoj.gov

2.    John O. Desmond, Esq.
24 Union Avenue, Suite 23
Framingham, MA 01702
trustee@jdesmond.com;jdesmond@ecf.epiqsystems.com

3.    Mark W. Corner, Esq.
Riemer & Braunstein
Three Center Plaza, 6th floor
Boston, MA 02108
mcorner@riemerlaw.com

4.    Alan L. Bronstein, Esq.
Riemer & Bronstein
Three Center Plaza, 6th floor
Boston, MA 02108
abraunstein@riemerlaw.com

5.    David C. Crossley
Crossley Law Offices
448 Concord Street
Framingham, MA 01702
crossleylaw@yahoo.com

6.    Frank Iacono
6 Donald Court West
Blue Point, NY 11715
fiacono@powersmerchant.com

7.    Stamatis Astras
255 Beacon Street
Boston, MA 02116
sna@astraventures.com
sna@astras.biz

8. Tal Unrad, Esq.
   Burns & Levinson,
   125 Summer Street
   Boston, MA  02110-1624
   tunrad@burnslev.com
   fdovale@burnslev.com


_____
James Mitchell


M:\522600   Abbington Partners, LLC\1800   Iacono Involuntary   June 2015\Pleadings\2016-07-12  01   Enlarge Bar Date\1000   Motion\James' Motion.docx

Exhibit "A"

# Verifications

**Fill in this information to identify the case:**

Debtor name    **Abbington Partners, LLC**

United States Bankruptcy Court for the:    DISTRICT OF MASSACHUSETTS

Case number (if known)    *DEMO*    15-12351-FJB

☐ Check if this is an
amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☑ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☑ *Schedule H: Codebtors (Official Form 206H)*
- ☑ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration    *Notes*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **June 3, 2016**    x _James Mitchell_
Signature of individual signing on behalf of debtor

_James Mitchell_
Printed name

_Manager_
Position or relationship to debtor

# To Order Best Case Bankruptcy,
## call toll free 1-800-492-8037.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

# United States Bankruptcy Court
## District of Massachusetts

In re    **Abbington Partners, LLC**

Debtor(s)

Case No.   ~~DEMO~~   15 - 12351 -

Chapter   **11**   FJB

DEMO **VERIFICATION OF CREDITOR MATRIX**

I, the  of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   **June 3, 2016**

_James Mitchell_
Signer/Title

DEMO

DEMO

To Order Best Case Bankruptcy,
call toll free 1-800-492-8037.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Form 207

**Fill in this information to identify the case:**

Debtor name    **Abbington Partners, LLC**

United States Bankruptcy Court for the:   DISTRICT OF MASSACHUSETTS

Case number (if known)   **\* D E M O \***

☐ Check if this is an amended filing

# D E M O

Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:**   **Income**

1. **Gross revenue from business**

   ☐ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   |---|---|---|
   | **From the beginning of the fiscal year to filing date:**<br>From   1/01/2016 to Filing Date | ■ Operating a business<br>☐ Other | $0.00 |
   | **For prior year:**<br>From   1/01/2015 to 12/31/2015 | ■ Operating a business<br>☐ Other | $0.00 |
   | **For year before that:**<br>From   1/01/2014 to 12/31/2014 | ■ Operating a business<br>☐ Other | $23,036.00 |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

   | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   |---|---|---|

**Part 2:**   **List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ■ None.

   To Order Best Case Bankruptcy, call toll free 1-800-492-8037

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
   |---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

6/03/16 3:21PM

or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:   Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1. Abbington Partners et al v. Frank Iacono et al. 12-03792-BLS | Business dispute | Suffolk Superior Court | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2. Dale Malone v. Abbington Partners and James H. Mitchell III | Claims for legal services performed by Dale Malone | Norfolk Superior Court, Massachusetts | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.3. $49,000 attachment in favor of John DerBoghosian -- See notes | | | ☐ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

# To Order Best Case Bankruptcy, call toll free 1-800-492-8037.

Debtor  **Abbington Partners, LLC**  Case number *(if known)* **\* D E M O \***

☐ None

| Custodian's name and Address | Describe the property | Value |
|---|---|---|
| DerBoghosian, John<br>114 Marion Street<br>Bellingham, MA 02019 | $49,000 now held by the Chapter 7 Trustee | $49,000.00 |

D E M O

Case title | Court name and address

Case number

Date of order or assignment

| Custodian's name and Address | Describe the property | Value |
|---|---|---|
| Cohan Rasnick<br>One State Street<br>Boston, MA 02109 | Leftover JAMS monies | Unknown |

Case title | Court name and address

Case number

Date of order or assignment

**Part 4:** Certain Gifts and Charitable Contributions

9.  List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

■ None

D E M O

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:** Certain Losses

10. All losses from fire, theft, or other casualty within 1 year before filing this case.

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

**Part 6:** Certain Payments or Transfers

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

■ None.

| Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

call toll free 1-800-492-8037.

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

☑ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as a security. Do not include gifts or transfers previously listed on this statement.

☐ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 James Mitchell Six Consultant Place, Suite 100A Durham, NC 27707 | See Notes -- Assignment I | May 18, 2015 | $50,000,000.00 |
| Relationship to debtor Manager | | | |
| 13.2 James Mitchell Six Consultant Place, Suite 100A Durham, NC 27707 | See notes -- Assignment II | May 18, 2015 | $50,000,000.00 |
| Relationship to debtor Manager | | | |

**Part 7:** Previous Locations

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy From-To |
|---|---|
| 14.1. 76 Summer Street Boston, MA 02109 | April 2011 to February 2013 |
| 14.2. Various addresses where James Mitchell resided | February 2013 to early 2014 |

**Part 8:** Health Care Bankruptcies

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**Part 9:** Personally Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**

☑ No.
☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

---

**Part 10:** Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | BB&T | XXXX-8444 | ☑ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other | June or July 2015 | $83.01 |

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it<br>Address | Description of the contents | Do you still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|
| Fuquay Flea Market<br>6109 Nc-55<br>Fuquay Varina, NC 27526 | James Mitchell<br>Six Consultant Place,<br>Suite 100A<br>Durham, NC 27707 | Business records | ☐ No<br>☑ Yes |

**Part 11:** Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

**Part 12:** Details About Environmental Information

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
| --- | --- | --- | --- |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
| --- | --- | --- | --- |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
| --- | --- | --- | --- |

**Part 13:** Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
| --- | --- | --- |
| | | Dates business existed |

**26. Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

| Name and address | Date of service From-To |
| --- | --- |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement

within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.  James Mitchell<br>Six Consultant Place, Suite 100A<br>Durham, NC 27707 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

**Name and address**

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Mitchell, James | Six Consultant Place, Suite 100A<br>Durham, NC 27707 | Manager | In excess of 90 percent |

29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

■ No
☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

■ No
☐ Yes. Identify below.

Name of the parent corporation                              **Employer Identification number of the parent corporation**

32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

■ No
☐ Yes. Identify below.

Name of the parent corporation                              **Employer Identification number of the parent corporation**

**Part 14:   Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **June 3, 2016**

Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
■ No
☐ Yes

D E M O

D E M O

# To Order Best Case Bankruptcy,
# call toll free 1-800-492-8037.

# Summary of Assets and Liabilities

**Fill in this information to identify the case:**

Debtor name    **Abbington Partners, LLC**

United States Bankruptcy Court for the:   DISTRICT OF MASSACHUSETTS

Case number (if known)   **\* D E M O \***

☐ Check if this is an
   amended filing

Official Form 206Sum
**Summary of Assets and Liabilities for Non-Individuals**       **12/15**

**Part 1:**   **Summary of Assets**

1.   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*............................................................    $        0.00

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*..........................................................    $    100,049,083.01

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*............................................................    $    100,049,083.01

**Part 2:**   **Summary of Liabilities**

2.   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D*......    $        0.00

3.   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*................    $      24,000.00

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*......    +$     1,378,778.81

4.   **Total liabilities** ...........................................................................
    Lines 2 + 3a + 3b                   $    1,402,778.81

D E M O

To Order Best Case Bankruptcy,
call toll free 1-800-492-8037.

Schedule A and B

**Fill in this information to identify the case:**

Debtor name  **Abbington Partners, LLC**

United States Bankruptcy Court for the:  DISTRICT OF MASSACHUSETTS

Case number (if known)  **\* D E M O \***

☐ Check if this is an amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property
12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:    Cash and cash equivalents**

1. Does the debtor have any cash or cash equivalents?

☐ No. Go to Part 2.
☑ Yes Fill in the information below.

All cash or cash equivalents owned or controlled by the debtor

Current value of debtor's interest

3. Checking, savings, money market, or financial brokerage accounts *(Identify all)*
   Name of institution (bank or brokerage firm)     Type of account     Last 4 digits of account number

   3.1.  Bank of America account     $0.00

   3.2.  Santander Bank account     $0.00

   3.3.  BB&T DIP account     $83.01

4. Other cash equivalents *(Identify all)*

   John DerBoghosian Attachment -- Pursuant to a motion filed by John DerBoghosian, the Suffolk Superior Court ordered that $49,000 be deposited by Abbington into Robert Cohan's IOLTA account. Subsequently, this Court ordered that attorney Cohan turn
   4.1.  over such monies to the Chapter 7 Trustee, John Desmond.     $49,000.00

   Leftover JAMS Monies -- The Suffolk Superior Court ordered that $100,000 be set aside to pay Abbington's share of the JAMS arbitration fees. Abbington believes that not all of such $100,000 was paid to JAMS. As to any such monies remaining, it is unclear
   4.2.  whether Cohan Rasnick has paid itself all of such remaining monies     Unknown

5. Total of Part 1.     $49,083.01

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

Software Copyright (c) 1996-2016 Best Case. LLC - www.bestcase.com          Best Case Bankruptcy

To order this case copy,
call toll free 1-800-492-8037.

**Part 2:** Deposits and Prepayments

**6. Does the debtor have any deposits or prepayments?**

■ No. Go to Part 3.
☐ Yes Fill in the information below.

**Part 3:** Accounts receivable

**10. Does the debtor have any accounts receivable?**

■ No. Go to Part 4.
☐ Yes Fill in the information below.

**Part 4:** Investments

**13. Does the debtor own any investments?**

■ No. Go to Part 5.
☐ Yes Fill in the information below.

**Part 5:** Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No. Go to Part 6.
☐ Yes Fill in the information below.

**Part 6:** Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.
☐ Yes Fill in the information below.

**Part 7:** Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No. Go to Part 8.
☐ Yes Fill in the information below.

**Part 8:** Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No. Go to Part 9.
☐ Yes Fill in the information below.

**Part 9:** Real property

**54. Does the debtor own or lease any real property?**

■ No. Go to Part 10.
☐ Yes Fill in the information below.

**Part 10:** Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
■ Yes Fill in the information below.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com  Best Case Bankruptcy

Debtor **Abbington Partners, LLC**
Name

Case number *(if known)* **\* D E M O \***

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. Patents, copyrights, trademarks, and trade secrets | | | |
| 61. Internet domain names and websites | | | |
| 62. Licenses, franchises, and royalties | | | |
| 63. Customer lists, mailing lists, or other compilations | | | |
| 64. Other intangibles, or intellectual property Intangible property -- See notes -- Amount unknown | $0.00 | | $0.00 |
| 65. Goodwill | | | |

66. **Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89.                                    $0.00

67. Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C.§§ 101(41A) and 107?
■ No
☐ Yes

68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?
■ No
☐ Yes

69. Has any of the property listed in Part 10 been appraised by a professional within the last year?
■ No
☐ Yes

## Part 11: All other assets

70. Does the debtor own any other assets that have not yet been reported on this form?
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
■ Yes Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| 71. Notes receivable Description (include name of obligor) | |
| 72. Tax refunds and unused net operating losses (NOLs) Description (for example, federal, state, local) | |
| 73. Interests in insurance policies or annuities | |
| 74. Causes of action against third parties (whether or not a lawsuit has been filed) Abbington's Attorneys -- Cohan Rasnick Chardon law and Dana Malone agreed to approach Abbington they initially did so and then they stopped doing so. According to Abbington has claims against them as well as Robert Cohan and Jonathan Plaut. Nature of claim | Unknown |
| Amount requested | $0.00 |

Official Form 206A/B             Schedule A/B Assets - Real and Personal Property             page 3

| Debtor | **Abbington Partners, LLC** | Case number (If known) * D E M O * |
|---|---|---|
| | Name | |

**Claims against Frank Iacono, South Haven Financial LLC, Iacono Law LLC, Powers & Merchant PLLC, Bimal Raj Merchant, John Powers, William Caven, Jonathan Rubin, Nicholas Grasso, Thomas Poaps, Steven Giacalone and Michael Salem**                                   $50,000,000.00

Nature of claim             Business dispute

Amount requested                     $50,000,000.00

**Depending on the outcome of the claims againt the individuals and entities listed immediately above, Abbington may have claims against the Five Law Firms and 17 of the ARS clients**                                   $50,000,000.00

Nature of claim             Business dispute

Amount requested                     $50,000,000.00

**Claims against John DerBoghosian -- Amount unknown**                   $0.00

Nature of claim             Business dispute

Amount requested                     $0.00

**Claims against Kalnex Limited Partnership -- Amount unknown**                   $0.00

Nature of claim             Business dispute

Amount requested                     $0.00

**Claims against Michael Nowicki -- Amount unknown**                   $0.00

Nature of claim             Business dispute

Amount requested                     $0.00

75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims

76. Trusts, equitable or future interests in property

77. Other property of any kind not already listed *Examples:* Season tickets, country club membership

78. **Total of Part 11.**                                   $100,000,000.00

Add lines 71 through 77. Copy the total to line 90.

79. Has any of the property listed in Part 11 been appraised by a professional within the last year?

■ No

☐ Yes

# To Order Best Case Bankruptcy, call toll free 1-800-492-8037.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor   **Abbington Partners, LLC**          Case number *(if known)* * D E M O *
         Name

In Part 12 copy all of the totals from the earlier parts of the form

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. Cash, cash equivalents, and financial assets. *Copy line 5, Part 1* | $49,083.01 | |
| 81. Deposits and prepayments. *Copy line 9, Part 2* | $0.00 | |
| 82. Accounts receivable. *Copy line 12, Part 3.* | $0.00 | |
| 83. Investments. *Copy line 17, Part 4.* | $0.00 | |
| 84. Inventory. *Copy line 23, Part 5.* | $0.00 | |
| 85. Farming and fishing-related assets. *Copy line 33, Part 6.* | $0.00 | |
| 86. Office furniture, fixtures, and equipment; and collectibles. *Copy line 43, Part 7.* | $0.00 | |
| 87. Machinery, equipment, and vehicles. *Copy line 51, Part 8.* | $0.00 | |
| 88. Real property. *Copy line 56, Part 9*..........................................> | | $0.00 |
| 89. Intangibles and intellectual property. *Copy line 66, Part 10.* | $0.00 | |
| 90. All other assets. *Copy line 78, Part 11.* | $100,000,000.00 | |
| 91. Total. Add lines 80 through 90 for each column | $100,049,083.01    + 91b. | $0.00 |
| 92. Total of all property on Schedule A/B. Add lines 91a+91b=92 | | $100,049,083.01 |

D E M O

# To Order Best Case Bankruptcy,
## call toll free 1-800-492-8037.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Schedule D

**Fill in this information to identify the case:**

Debtor name **Abbington Partners, LLC**

United States Bankruptcy Court for the: DISTRICT OF MASSACHUSETTS

Case number (if known) *DEMO* 15 – 12351 – FJB

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

DEMO

DEMO

To Order Best Case Bankruptcy,
call toll free 1-800-492-8037.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com       Best Case Bankruptcy

Schedules E and F

**Fill in this information to identify the case:**

Debtor name **Abbington Partners, LLC**

United States Bankruptcy Court for the: DISTRICT OF MASSACHUSETTS

Case number (if known) ~~*DEMO*~~ 15 - 12351

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets – Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**   List All Creditors with PRIORITY Unsecured Claims

1. Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

■ Yes. Go to line 2.

2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| **2.1** | Priority creditor's name and mailing address<br>**Herndon, Jamie**<br>**2625 Butler Road**<br>**Chapel Hill, NC 27516** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $8,000.00 | $8,000.00 |
|  | Date or dates debt was incurred<br>**2015** | Basis for the claim:<br>**Office services** | | |
|  | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (4) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |
| **2.2** | Priority creditor's name and mailing address<br>**Self, Jessica**<br>**c/o James Mitchell**<br>**Six Consultant Place, Suite 100A**<br>**Durham, NC 27707** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $16,000.00 | $12,850.00 |
|  | Date or dates debt was incurred<br>**2014 and 2015** | Basis for the claim:<br>**Office services** | | |
|  | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (4) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |

**Part 2:**   List All Creditors with NONPRIORITY Unsecured Claims

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

To Order Best Case Bankruptcy,
call toll free 1-800-492-8037.

Debtor    **Abbington Partners, LLC**      Case number *(if known)*    **\* D E M O \***
Name

| | | |
|---|---|---|
| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.*    **$50,000.00** |
| | **Abbas, Bradley**<br>3001 East Camelback Road # 130<br>Melrose, MA 02176 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | Date(s) debt was incurred   **2012 to 2013** | Basis for the claim:   **Legal services provided** |
| | Last 4 digits of account number ___ | Is the claim subject to offset? ■ No ☐ Yes |

| | | |
|---|---|---|
| 3.2 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.*    **$66,000.00** |
| | **Abyzov, Alex**<br>255 Beacon Street<br>Newton, MA 02458 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | Date(s) debt was incurred   **2012** | Basis for the claim:   **Software development services** |
| | Last 4 digits of account number ___ | Is the claim subject to offset? ■ No ☐ Yes |

| | | |
|---|---|---|
| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.*    **$6,139.00** |
| | **Astra, Stamatis**<br>255 Beacon Street<br>Boston, MA 02113 | ☐ Contingent<br>☐ Unliquidated<br>■ Disputed |
| | Date(s) debt was incurred   **2012 to 2013** | Basis for the claim:   **Landlord**<br>**Landlord-tenant dispute. On the involuntary petition, Mr. Astra claims**<br>**he is owed $6,139.** |
| | Last 4 digits of account number ___ | Is the claim subject to offset? ☐ No ☐ Yes |

| | | |
|---|---|---|
| 3.4 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.*    **$57.37** |
| | **Belmont Spring Company**<br>Post Office Box 660578<br>Dallas, TX 75266 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | Date(s) debt was incurred   **2012** | Basis for the claim:   **Bottled water** |
| | Last 4 digits of account number ___ | Is the claim subject to offset? ■ No ☐ Yes |

| | | |
|---|---|---|
| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.*    **$0.00** |
| | **Byer, David J.**<br>66 Gosport Road<br>Portsmouth, NH 03801 | ☐ Contingent<br>☐ Unliquidated<br>■ Disputed |
| | Date(s) debt was incurred   **2012** | Basis for the claim:   **On the involuntary petition, Mr. Byer claims he is**<br>**owed $3567. See notes.** |
| | Last 4 digits of account number ___ | Is the claim subject to offset? ☐ No ☐ Yes |

| | | |
|---|---|---|
| 3.6 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.*    **$7,000.00** |
| | **Cacase, Rick**<br>54 Parramatta Road<br>Riverside, RI 02915 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | Date(s) debt was incurred   **2013** | Basis for the claim:   **Software development services** |
| | Last 4 digits of account number ___ | Is the claim subject to offset? ☐ No ☐ Yes |

| | | |
|---|---|---|
| 3.7 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.*    **$0.00** |
| | **Caven, Willaim**<br>98 Prospect Street, Apt. 2<br>Somerville, MA 02143 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | Date(s) debt was incurred   **2011 to 2012** | Basis for the claim:   **See notes** |
| | Last 4 digits of account number ___ | Is the claim subject to offset? ☐ No ☐ Yes |

To Order Best Case Bankruptcy,
call toll free 1-800-492-8037

Debtor  **Abbington Partners, LLC**
Name
Case number (if known)   **\* D E M O \***

| | | |
|---|---|---|
| 3.8 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. |

**3.8**

Nonpriority creditor's name and mailing address
**Chardon Law**
One State Street, 12th floor
Boston, MA 02109

Date(s) debt was incurred  2012 to 2014

Last 4 digits of account number

As of the petition filing date, the claim is: Check all that apply.   **$0.00**
☑ Contingent
☐ Unliquidated
☑ Disputed

Basis for the claim:  See notes

Is the claim subject to offset? ☑ No ☐ Yes

**3.9**

Nonpriority creditor's name and mailing address
**Clark, Max**
2326 Massachusetts Avenue, No. 1
Cambridge, MA 02140

Date(s) debt was incurred  2011 or 2012

Last 4 digits of account number

As of the petition filing date, the claim is: Check all that apply.   **$32,865.00**
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  IT consulting services and software development services

Is the claim subject to offset? ☑ No ☐ Yes

**3.10**

Nonpriority creditor's name and mailing address
**Cohan, Rasnick, Myerson & Plaut**
One State Street, 12th floor
Boston, MA 02110

Date(s) debt was incurred

Last 4 digits of account number

As of the petition filing date, the claim is: Check all that apply   **$0.00**
☑ Contingent
☐ Unliquidated
☑ Disputed

Basis for the claim:  See notes

Is the claim subject to offset? ☑ No ☐ Yes

**3.11**

Nonpriority creditor's name and mailing address
**Collara, Katie**
c/o James Mitchell
Six Consultant Place, Suite 100A
Durham, NC 27707

Date(s) debt was incurred  2013

Last 4 digits of account number

As of the petition filing date, the claim is: Check all that apply.   **$1,360.00**
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Severance pay. See Notes.

Is the claim subject to offset? ☑ No ☐ Yes

**3.12**

Nonpriority creditor's name and mailing address
**DerBoghosian, John**
114 Marion Street
Wilmington, MA 01887

Date(s) debt was incurred  2011 to 2012

Last 4 digits of account number

As of the petition filing date, the claim is: Check all that apply.   **$49,000.00**
☐ Contingent
☐ Unliquidated
☑ Disputed

Basis for the claim:  Software development services. See notes

Is the claim subject to offset? ☑ No ☐ Yes

**3.13**

Nonpriority creditor's name and mailing address
**Dow Jones**
1155 Avenue of the Americas
New York, NY 10036

Date(s) debt was incurred

Last 4 digits of account number

As of the petition filing date, the claim is: Check all that apply.   **$7,693.19**
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Advertising

Is the claim subject to offset? ☑ No ☐ Yes

**3.14**

Nonpriority creditor's name and mailing address
**Durkee, George**
7660 Allen Road
Clarkston, MI 48348

Date(s) debt was incurred

Last 4 digits of account number

As of the petition filing date, the claim is: Check all that apply   **$260,000.00**
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  Software development services

Is the claim subject to offset? ☑ No ☐ Yes

To Order Best Case Bankruptcy,
call toll free 1-800-492-8037.

Debtor    **Abbington Partners, LLC**      Case number *(if known)*    **\* D E M O \***
Name

---

**3.15** Nonpriority creditor's name and mailing address     As of the petition filing date, the claim is: *Check all that apply*      **$0.00**

**Giacalone, Steven**
Post Office Box 26
Chelmsford, MA 01824

- ☐ Contingent
- ☐ Unliquidated
- ☑ Disputed

Date(s) debt was incurred __

Basis for the claim: **See notes**

Last 4 digits of account number __

Is the claim subject to offset? ☐ No ☑ Yes

---

**3.16** Nonpriority creditor's name and mailing address     As of the petition filing date, the claim is: *Check all that apply.*      **$0.00**

**Grasso, Nicholas**
23 Beale Road
Lincoln, MA 01773

- ☐ Contingent
- ☐ Unliquidated
- ☑ Disputed

Date(s) debt was incurred **2011 to 2012**

Basis for the claim: **See notes**

Last 4 digits of account number __

Is the claim subject to offset? ☐ No ☐ Yes

---

**3.17** Nonpriority creditor's name and mailing address     As of the petition filing date, the claim is: *Check all that apply*      **$66,328.00**

**Griesenbeck, Ralph**
Six Consultant Place, Suite 100-A
Durham, NC 27707

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date(s) debt was incurred __

Basis for the claim: **Software development services**

Last 4 digits of account number __

Is the claim subject to offset? ☑ No ☐ Yes

---

**3.18** Nonpriority creditor's name and mailing address     As of the petition filing date, the claim is: *Check all that apply.*      **$5,000.00**

**Groulx, Patrick**
Post Office Box 760656
Melrose, MA 02176

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date(s) debt was incurred __

Basis for the claim: **Legal services provided. This amount is estimated.**

Last 4 digits of account number __

Is the claim subject to offset? ☐ No ☐ Yes

---

**3.19** Nonpriority creditor's name and mailing address     As of the petition filing date, the claim is: *Check all that apply.*      **$40,709.00**

**Hammond, James**
Emerging Markets Direct
100 Cummings Lane, Suite 324-D
Beverly, MA 01915

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date(s) debt was incurred __

Basis for the claim: **Hammond loaned $25,000 on June 1, 2011. Interest is 1 percent a month, compounded monthly. Abbington has calculated interested through June 2015 as $15,709, and thus a total of $40,709.**

Last 4 digits of account number __

Is the claim subject to offset? ☑ No ☐ Yes

---

**3.20** Nonpriority creditor's name and mailing address     As of the petition filing date, the claim is: *Check all that apply.*      **$10,000.00**

**Hayes, John**
9909 Horton Road
New Hill, NC 27562

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date(s) debt was incurred **2014 and possibly 2015**

Basis for the claim: **Chief Information Officer services, system administration and software development services**

Last 4 digits of account number __

Is the claim subject to offset? ☐ No ☐ Yes

---

**3.21** Nonpriority creditor's name and mailing address     As of the petition filing date, the claim is: *Check all that apply*      **$200,000.00**

**Howman, Cean**
2090 Serena Avenue
Clovis, CA 93619

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date(s) debt was incurred __

Basis for the claim: **Software development services**

Last 4 digits of account number __

Is the claim subject to offset? ☑ No ☐ Yes

To Order Best Case Bankruptcy,
call toll free 1-800-492-8037

---

| Debtor | Abbington Partners, LLC | Case number (if known) | *DEMO* |
|---|---|---|---|
| | Name | | |

---

**3.22**    Nonpriority creditor's name and mailing address
Iacono Law, LLC
6 Donald Court West
Blue Point, NY 11715

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*      **$0.00**
☐ Contingent
☐ Unliquidated
☑ Disputed

Basis for the claim: __See notes__

Is the claim subject to offset? ☐ No ☑ Yes

---

**3.23**    Nonpriority creditor's name and mailing address
Iacono, Frank
6 Donald Court West
Blue Point, NY 11715

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*      **$0.00**
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: __On the involuntary petition, Frank Iacono claims he is owed $247,714. See notes.__

Is the claim subject to offset? ☑ No ☐ Yes

---

**3.24**    Nonpriority creditor's name and mailing address
Kalnex Limited Partnership
Post Office Box 81335
Wellesley Hills, MA 02481

Date(s) debt was incurred __2012 to 2013__

Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*      **$12,247.70**
☐ Contingent
☐ Unliquidated
☑ Disputed

Basis for the claim: __Landlord, office space. Subject to offset due to Kalnex's breach of contract with Abbington.__

Is the claim subject to offset? ☐ No ☑ Yes

---

**3.25**    Nonpriority creditor's name and mailing address
Lange, Brad, The Estate of
c/o James Mitchell
Six Consultant Place
Durham, NC 27707

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply*      **$9,000.00**
☐ Contingent
☑ Unliquidated
☐ Disputed

Basis for the claim: __See notes__

Is the claim subject to offset? ☑ No ☐ Yes

---

**3.26**    Nonpriority creditor's name and mailing address
MacKay, Keith
Tripzon
One Marina Park Drive, Suite 1400
Boston, MA 02210

Date(s) debt was incurred __2012__

Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*      **$3,500.00**
☐ Contingent
☐ Unliquidated
☑ Disputed

Basis for the claim: __Purported sale of computers and office furniture where the landlord (Kalnex) claims he owns the office furniture__

Is the claim subject to offset? ☐ No ☑ Yes

---

**3.27**    Nonpriority creditor's name and mailing address
Malone, Dale
79 Forest Avenue
Cohasset, MA 02025

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*      **$0.00**
☑ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: __Legal services provided. Malone claims he is owed $41,643.84. See notes.__

Is the claim subject to offset? ☐ No ☑ Yes

---

**3.28**    Nonpriority creditor's name and mailing address
Mason, W.B.
59 Centre Street
Brockton, MA 02301

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*      **$7,500.00**
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: __Office supplies__

Is the claim subject to offset? ☑ No ☐ Yes

---

To order Best Case Bankruptcy, call toll free 1-800-492-8037.

| Debtor | Abbington Partners, LLC | Case number (if known) | *DEMO* |
|---|---|---|---|
| | Name | | |

---

**3.29** | Nonpriority creditor's name and mailing address
**Masso-Flores, Ramon**
282 Palm King Hill Road
Mystic, CT 06355

Date(s) debt was incurred **2014 or 2015**

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Legal services provided**

Is the claim subject to offset? ■ No ☐ Yes

**$4,000.00**

---

**3.30** | Nonpriority creditor's name and mailing address
**Merchant, Bimal Roy**
1400 E. Southern Avenue, Suite 420
Tempe, AZ 85282

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: **See notes**

Is the claim subject to offset? ☐ No ■ Yes

**$0.00**

---

**3.31** | Nonpriority creditor's name and mailing address
**Metro Cab**
120 Braintree Street
Allston, MA 02134

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Taxicab services**

Is the claim subject to offset? ■ No ☐ Yes

**$1,623.52**

---

**3.32** | Nonpriority creditor's name and mailing address
**Mitchell, James**
Six Consultant Place, Suite 100-A
Durham, NC 27707

Date(s) debt was incurred **2011 to 2015**

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: See notes

Is the claim subject to offset? ☐ No ☐ Yes

**$500,000.00**

---

**3.33** | Nonpriority creditor's name and mailing address
**Nowicki, Michael**
26 Aspen Court
Nanuet, NY 10954

Date(s) debt was incurred **2012**

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: **Services provided**

Is the claim subject to offset? ☐ No ■ Yes

**$1,062.66**

---

**3.34** | Nonpriority creditor's name and mailing address
**NStar**
Post Office Box 660369
Dallas, TX 75266

Date(s) debt was incurred **2011 or 2012**

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Electricity**

Is the claim subject to offset? ■ No ☐ Yes

**$2,307.36**

---

**3.35** | Nonpriority creditor's name and mailing address
**Pacer Service Center**
Post Office Box 71364
Philadelphia, PA 19176

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Electronic access to court records**

Is the claim subject to offset? ■ No ☐ Yes

**$155.30**

To Order Best Case Bankruptcy,
call toll free 1-800-492-8037.

Debtor    Abbington Partners, LLC                    Case number (if known)    *DEMO*
      Name

---

**3.36**  Nonpriority creditor's name and mailing address

**Pearlman Legal Enterprises**
One Boston Place, Suite 2600
Boston, MA 02108

Date(s) debt was incurred  **2013 to 2015 -- I am a bit uncertain about the dates**

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.            **$17,525.00**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Legal services provided**

Is the claim subject to offset?  ■ No  ☐ Yes

---

**3.37**  Nonpriority creditor's name and mailing address

**Perot, Zoppo and Associates**
Attn: Marc Perot
75 Washington Street, Suite 6
Canton, MA 02021

Date(s) debt was incurred  **2013 and 2014 -- I am uncertain about the dates**

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.            **$30,000.00**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **See notes**

Is the claim subject to offset?  ■ No  ☐ Yes

---

**3.38**  Nonpriority creditor's name and mailing address

**Pitney Bowes**
2225 American Way
Neenah, WI 54956

Date(s) debt was incurred  **2011 or 2012**

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.            **$405.71**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Postage meter**

Is the claim subject to offset?  ■ No  ☐ Yes

---

**3.39**  Nonpriority creditor's name and mailing address

**Poaps, Thomas M.**
164 Pearl Street
Cambridge, MA 02139

Date(s) debt was incurred  __

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.            **$0.00**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **See notes**

Is the claim subject to offset?  ■ No  ☐ Yes

---

**3.40**  Nonpriority creditor's name and mailing address

**Powers & Merchant, PLLC**
1400 E. Southern Avenue. # 620
Tempe, AZ 85282

Date(s) debt was incurred  __

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.            **$0.00**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **On the involuntary petition, Powers & Merchant claims it is owed $321,542. See notes.**

Is the claim subject to offset?  ■ No  ☐ Yes

---

**3.41**  Nonpriority creditor's name and mailing address

**Powers, John**
4421 N. 75th Place, # 102
Tempe, AZ 85281

Date(s) debt was incurred  __

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply            **$0.00**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **See notes**

Is the claim subject to offset?  ■ No  ☐ Yes

---

**3.42**  Nonpriority creditor's name and mailing address

**Rowe, Brian**
77 Corey Street
West Roxbury, MA 02132

Date(s) debt was incurred  **2013**

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply            **$40,000.00**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Software development services. Amount is estimated**

Is the claim subject to offset?  ■ No  ☐ Yes

---

| Debtor | Abbington Partners, LLC | Case number (if known) | *DEMO* |
|---|---|---|---|
| | Name | | |

**3.43** Nonpriority creditor's name and mailing address
**Rubin, Jonathan**
42 Garden Street
Cambridge, MA 02138

Date(s) debt was incurred _2011 to 2012_

Last 4 digits of account number ___

As of the petition filing date, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: **See notes**

Is the claim subject to offset? ☐ No ☐ Yes

$0.00

**3.44** Nonpriority creditor's name and mailing address
**Saleh, Michael**
47 Cedar Road
Kent, CT 06757

Date(s) debt was incurred _2012_

Last 4 digits of account number ___

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: **See notes**

Is the claim subject to offset? ☐ No ☐ Yes

$0.00

**3.45** Nonpriority creditor's name and mailing address
**South Haven Financial, LLC**
6 Donald Court West
Blue Point, NY 11715

Date(s) debt was incurred ___

Last 4 digits of account number ___

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: **On the involuntary petition, South Haven Financial claims it is owed $99,832. See notes.**

Is the claim subject to offset? ☐ No ☐ Yes

$0.00

**3.46** Nonpriority creditor's name and mailing address
**Verizon**
340 Washington Street
Boston, MA 02108

Date(s) debt was incurred _2011 or 2012_

Last 4 digits of account number ___

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Amount is estimated. Internet services**

Is the claim subject to offset? ☐ No ☐ Yes

$800.00

**3.47** Nonpriority creditor's name and mailing address
**Village Software**
c/o Ford D. Cavallari
50 Battery Street
Boston, MA 02109

Date(s) debt was incurred ___

Last 4 digits of account number ___

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: **Office space. Rent for May 2011 and June 2011. Amount uncertain**

Is the claim subject to offset? ☐ No ☐ Yes

$0.00

**3.48** Nonpriority creditor's name and mailing address
**Zray Technologies dba Ztelco**
Attn: Bill Justice
9105 Chesapeake Drive
San Diego, CA 92123

Date(s) debt was incurred ___

Last 4 digits of account number ___

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **VOIP services and rental of telephones**

Is the claim subject to offset? ☐ No ☐ Yes

$6,500.00

**Part 3:** List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

**Part 4:** Total Amounts of the Priority and Nonpriority Unsecured Claims

Official Form 206 E/F    Schedule E/F: Creditors Who Have Unsecured Claims    Page 8 of 9

To Order Best Case Bankruptcy, call toll free 1-800-492-8037

**5. Add the amounts of priority and nonpriority unsecured claims.**

|  | | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. $ | 24,000.00 |
| 5b. Total claims from Part 2 | 5b. + $ | 1,378,778.81 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. $ | 1,402,778.81 |

DEMO

DEMO

DEMO

To Order Best Case Bankruptcy,
call toll free 1-800-492-8037.

Schedule G

15-12351-FJB

In re _Abbington Partners, LLC_ _____ / Debtor    Case No. ~~BK-14-00601~~
                                                                          (if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State the nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract. | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| Bradley J. Abbas<br>3001 E Camelback Road # 150<br>Phoenix AZ  85016 | Contract Type: _Miscellaneous_<br>Terms:<br>Beginning date: _8/30/2012_<br>Debtor's Interest:<br>Description: _Bradley J. Abbas agreed to provide legal services to Abbington and James Mitchell_<br>Buyout Option: |
| Cohan Rasnick and Chardon Law<br>One State Street  12 floor<br>Boston MA  02109 | Contract Type: _Miscellaneous_<br>Terms:<br>Beginning date: _9/10/2012_<br>Debtor's Interest:<br>Description: _Cohen Rasnick and Chardon Law agree to provide legal services to Abbington and James Mitchell_<br>Buyout Option: |
| Frank Iacono and other<br>6 Donald Court West<br>Blue Point NY  11715 | Contract Type: _Miscellaneous_<br>Terms:<br>Beginning date: _12/11/2013_<br>Debtor's Interest:<br>Description: _Agreement Concerning Mediation and Arbitration_<br>Buyout Option: |
| Frank Iacono and others<br>6 Donald Court West<br>Blue Point NY  11715 | Contract Type: _Miscellaneous_<br>Terms:<br>Beginning date: _12/8/2013_<br>Debtor's Interest:<br>Description: _Stipulation Concerning Addition of Iacono Law, LLC as a Party to this Arbitration and Joint Motion for Order Confirming Same_<br>Buyout Option: |
| Frank Iacono et al<br>6 Donald Court West<br>Blue Point NY  11715 | Contract Type: _Miscellaneous_<br>Terms:<br>Beginning date: _12/11/2013_<br>Debtor's Interest:<br>Description: _Stipulation for Mediation After Arbitration Has Commenced_<br>Buyout Option: |

15-12351-FSB

In re *Abbington Partners, LLC* _____ / Debtor    Case No. ~~BK-14-88081~~ _____
                                                                                   (if known)

## SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract. | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| *Frank Iacono, Powers & Merchant and James Mitchell 6 Donald Court West Blue Point NY 11715* | Contract Type: *Miscellaneous* <br> Terms: <br> Beginning date: *7/10/2012* <br> Debtor's Interest: <br> Description: *Various issues concerning Abbington and Powers & Merchant. It is the Debtor's position that this document is an agreement to agree and is not a binding agreement* <br> Buyout Option: |
| *Joshua Rose 1407 Highland Drive Silver Spring MD 20910* | Contract Type: *Miscellaneous* <br> Terms: <br> Beginning date: *9/23/2012* <br> Debtor's Interest: <br> Description: *Agreement concerning control of Powers & Merchant* <br> Buyout Option: |
| *Dale Malone and Cohan Rasnick 79 Forest Avenue Cohasset MA 02025* | Contract Type: *Miscellaneous* <br> Terms: <br> Beginning date: *11/8/2013* <br> Debtor's Interest: <br> Description: *Dale Malone and Cohan Rasnick agree to provide legal services to Abbington and James Mitchell* <br> Buyout Option: |
| *Jack McMullen 130 South Willard Street Burlington VT 05401* | Contract Type: *Investment agreement* <br> Terms: <br> Beginning date: *9/12/2011* <br> Debtor's Interest: <br> Description: *Investment Agreement and Abbington's agreement to provide certain information to McMullen* <br> Buyout Option: |
| *Frank Iacono and others 6 Donald Court West Blue Point NY 11715* | Contract Type: *Investment agreement* <br> Terms: <br> Beginning date: *5/7/2012* <br> Debtor's Interest: <br> Description: *Investment of $250,000 into Powers & Merchant and other issues* <br> Buyout Option: |

15-12351-FJB

In re _Abbington Partners, LLC_ _____ / Debtor    Case No. ~~BK-11-20531~~ _____
                                                                                      (if known)

## SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract. | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| _Bimal Raj Merchant_<br>_1400 E. Southern Ave. # 620_<br>_Tempe AZ  85282_ | Contract Type: _Miscellaneous_<br>Terms:<br>Beginning date: _12/10/2010_<br>Debtor's Interest:<br>Description: _Control over Powers & Merchant, PLLC and other issues_<br>Buyout Option: |
| _James Mitchell_<br>_6 Consultant Place, # 100A_<br>_Durham NC  27707_ | Contract Type: _Indemnification Agreement_<br>Terms:<br>Beginning date: _11/28/2013_<br>Debtor's Interest:<br>Description: _Abbington agrees to indemnify James Mitchell for any claims by Frank Iacono and others_<br>Buyout Option: |
| _Karen Mitchell_<br>_6 Consultant Place # 100A_<br>_Durham NC  27707_ | Contract Type: _Miscellaneous_<br>Terms:<br>Beginning date: _6/17/2014_<br>Debtor's Interest:<br>Description: _Karen Mitchell agrees to pay Abbington for certain consulting services_<br>Buyout Option: |
| _Kevin X. Murphy_<br>_J.E. Austin & Associates, Inc._<br>_2111 Wilson Blvd # 1100_<br>_Arlington VA  22201_ | Contract Type: _Investment agreement_<br>Terms:<br>Beginning date: _11/1/2011_<br>Debtor's Interest:<br>Description: _Investment Agreement and Abbington's agreement to provide certain information to Murphy_<br>Buyout Option: |
| _Thomas M. Poaps_<br>_164 Pearl Street_<br>_Cambridge MA  02139_ | Contract Type: _Investment agreement_<br>Terms:<br>Beginning date: _8/11/2011_<br>Debtor's Interest:<br>Description: _Investment Agreement and Abbington's agreement to provide certain information to Poaps_<br>Buyout Option: |

15-12351-FJB

In re *Abbington Partners, LLC*                    / Debtor          Case No. ~~BK-14-80481~~
                                                                                  (if known)

## SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract. | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| *Powers & Merchant*<br>*1400 E Southern Ave., # 620*<br>*Tempe AZ  85282* | Contract Type: *Miscellaneous*<br>Terms:<br>Beginning date: *9/24/2012*<br>Debtor's Interest:<br>Description: *Agreement to Exchange Debt for Services -- P&M waives any monies it may be owed under the promissory note in exchange for services provided by Abbington and James Mitchell*<br>Buyout Option: |
| *Powers & Merchant and others*<br>*1400 E. Southern Ave., # 620*<br>*Tempe AZ  85282* | Contract Type: *Miscellaneous*<br>Terms:<br>Beginning date: *9/23/2012*<br>Debtor's Interest:<br>Description: *Agreement concerning where disputes are litigated*<br>Buyout Option: |
| *John M. Powers*<br>*4421 N 75th Place # 102*<br>*Scottsdale AZ  85251* | Contract Type: *Miscellaneous*<br>Terms:<br>Beginning date: *8/10/2011*<br>Debtor's Interest:<br>Description: *Control over Powerss & Merchant, PLLC and other issues*<br>Buyout Option: |
| *Jonathan Rubin*<br>*42 Garden Street*<br>*Cambridge MA  02138* | Contract Type: *Miscellaneous*<br>Terms:<br>Beginning date: *2/9/2012*<br>Debtor's Interest:<br>Description: *Investment Agreement and Abbington's agreement to provide certain information to Rubin*<br>Buyout Option: |

Schedule H

**Fill in this information to identify the case:**

Debtor name **Abbington Partners, LLC**

United States Bankruptcy Court for the: DISTRICT OF MASSACHUSETTS

Case number (if known) DEMO 15 - 12351-FJB

☐ Check if this is an
amended filing

Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

Column 1: Codebtor | Column 2: Creditor

| | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 | James Mitchell | Six Consultant Place, Suite 100A Durham, NC 27707 | Cohan, Rasnick, Myerson & Plaut | ☐ D _____ ☑ E/F 3.10 ☐ G _____ |
| 2.2 | James Mitchell | Six Consultant Place, Suite 100A Durham, NC 27707 | Astra, Stamatis | ☐ D _____ ☑ E/F 3.3 ☐ G _____ |
| 2.3 | James Mitchell | Six Consultant Place, Suite 100A Durham, NC 27707 | Chardon Law | ☐ D _____ ☑ E/F 3.8 ☐ G _____ |
| 2.4 | James Mitchell | Six Consultant Place, Suite 100A Durham, NC 27707 | Cohan, Rasnick, Myerson & Plaut | ☐ D _____ ☑ E/F 3.10 ☐ G _____ |
| 2.5 | James Mitchell | Six Consultant Place, Suite 100A Durham, NC 27707 | Dow Jones | ☐ D _____ ☑ E/F 3.13 ☐ G _____ |

To Order Best Case Bankruptcy,
call toll free 1-800-492-8037.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com

Debtor   Abbington Partners, LLC                                    Case number (if known)   *DEMO*

Additional Page to List More Codebtors
Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.
*Column 1:* Codebtor                                                            *Column 2:* Creditor

| 2.6 | James Mitchell | Six Consultant Place, Suite 100A<br>Durham, NC 27707 | Giacalone, Steven | ☐ D ____<br>☑ E/F __3.15__<br>☐ G ____ |
| 2.7 | James Mitchell | Six Consultant Place, Suite 100A<br>Durham, NC 27707 | Grasso, Nicholas | ☐ D ____<br>☑ E/F __3.16__<br>☐ G ____ |
| 2.8 | James Mitchell | Six Consultant Place, Suite 100A<br>Durham, NC 27707 | Hammond, James | ☐ D ____<br>☑ E/F __3.19__<br>☐ G ____ |
| 2.9 | James Mitchell | Six Consultant Place, Suite 100A<br>Durham, NC 27707 | Iacono Law, LLC | ☐ D ____<br>☑ E/F __3.22__<br>☐ G ____ |
| 2.10 | James Mitchell | Six Consultant Place, Suite 100A<br>Durham, NC 27707 | Iacono, Frank | ☐ D ____<br>☑ E/F __3.23__<br>☐ G ____ |
| 2.11 | James Mitchell | Six Consultant Place, Suite 100A<br>Durham, NC 27707 | Malone, Dale | ☐ D ____<br>☑ E/F __3.27__<br>☐ G ____ |
| 2.12 | James Mitchell | Six Consultant Place, Suite 100A<br>Durham, NC 27707 | Merchant, Bimal Raj | ☐ D ____<br>☑ E/F __3.30__<br>☐ G ____ |
| 2.13 | James Mitchell | Six Consultant Place, Suite 100A<br>Durham, NC 27707 | Nowicki, Michael | ☐ D ____<br>☑ E/F __3.33__<br>☐ G ____ |


To Order Best Case Bankruptcy,
call toll free 1-800-492-8037.

Debtor  **Abbington Partners, LLC**                    Case number *(if known)*  **\* D E M O \***

▓▓ **Additional Page to List More Codebtors**
Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.
*Column 1: Codebtor*                                        *Column 2: Creditor*

2.14  James Mitchell        Six Consultant Place, Suite 100A        Poaps, Thomas M.        ☐ D _____
                            Durham, NC 27707                                                ☑ E/F  **3.39**
                                                                                           ☐ G _____

2.15  James Mitchell        Six Consultant Place, Suite 100A        Powers & Merchant,      ☐ D _____
                            Durham, NC 27707                        PLLC                    ☑ E/F  **3.40**
                                                                                           ☐ G _____

2.16  James Mitchell        Six Consultant Place, Suite 100A        Powers, John            ☐ D _____
                            Durham, NC 27707                                                ☑ E/F  **3.41**
                                                                                           ☐ G _____

2.17  James Mitchell        Six Consultant Place, Suite 100A        Rubin, Jonathan         ☐ D _____
                            Durham, NC 27707                                                ☑ E/F  **3.43**
                                                                                           ☐ G _____

2.18  James Mitchell        Six Consultant Place, Suite 100A        Salem, Michael          ☐ D _____
                            Durham, NC 27707                                                ☑ E/F  **3.44**
                                                                                           ☐ G _____

2.19  James Mitchell        Six Consultant Place, Suite 100A        South Haven             ☐ D _____
                            Durham, NC 27707                        Financial, LLC          ☑ E/F  **3.45**
                                                                                           ☐ G _____

# D E M O

## To Order Best Case Bankruptcy,
## call toll free 1-800-492-8037.

Creditor Matrix

Abbas, Bradley
3001 East Camelback Road # 130
Melrose, MA 02176

Abyzov, Alex
255 Beacon Street
Newton, MA 02458

Astra, Stamatis
255 Beacon Street
Boston, MA 02113

Belmont Spring Company
Post Office Box 660578
Dallas, TX 75266

Byer, David J.
66 Gosport Road
Portsmouth, NH 03801

Cacase, Rick
54 Parramatta Road
Riverside, RI 02915

Caren, William
90 Prospect Street, Apt. 2
Somerville, MA 02143

Chardon Law
One State Street, 12th floor
Boston, MA 02109

Clark, Mac
2326 Massachusetts Avenue, No. 1
Cambridge, MA 02140

Cohan, Rasnick, Myerson & Plaut
One State Street, 12th floor
Boston, MA 02110

Collara, Katie
c/o James Mitchell
Six Consultant Place, Suite 100A
Durham, NC 27707

DerBoghosian, John
295 Ballardvale Street
Wilmington, MA 01887

Dow Jones
1155 Avenue of the Americas
New York, NY 10036

DEMO

DEMO

DEMO

To Order Best Case Bankruptcy,
call toll free 1-800-492-8037.

Durkee, George
7660 Allen Road
Clarkston, MI 48348

Giacalone, Steven
Post Office Box 26
Chelmsford, MA 01824

Grasso, Nicholas
23 Brooks Road
Lincoln, MA 01773

Griesenbeck, Ralph
Six Consultant Place, Suite 100-A
Durham, NC 27707

Groulx, Patrick
Post Office Box 760656
Melrose, MA 02176

Hammond, James
Emerging Markets Direct
100 Cummings Center, Suite 324-D
Beverly, MA 01915

Hayes, John
9909 Horton Road
New Hill, NC 27562

Herndon, Jamie
2625 Butler Road
Chapel Hill, NC 27516

Howman, Cean
2090 Serena Avenue
Clovis, CA 93619

Iacono Law, LLC
6 Donald Court West
Blue Point, NY 11715

Iacono, Frank
6 Donald Court West
Blue Point, NY 11715

James Mitchell
Six Consultant Place, Suite 100A
Durham, NC 27707

James Mitchell
Six Consultant Place, Suite 100A
Durham, NC 27707

DEMO

DEMO

DEMO

To Order Best Case Bankruptcy,
call toll free 1-800-492-8037.

James Mitchell
Six Consultant Place, Suite 100A
Durham, NC 27707

James Mitchell
Six Consultant Place, Suite 100A
Durham, NC 27707

DEMO

James Mitchell
Six Consultant Place, Suite 100A
Durham, NC 27707

James Mitchell
Six Consultant Place, Suite 100A
Durham, NC 27707

James Mitchell
Six Consultant Place, Suite 100A
Durham, NC 27707

James Mitchell
Six Consultant Place, Suite 100A
Durham, NC 27707

DEMO

James Mitchell
Six Consultant Place, Suite 100A
Durham, NC 27707

James Mitchell
Six Consultant Place, Suite 100A
Durham, NC 27707

James Mitchell
Six Consultant Place, Suite 100A
Durham, NC 27707

James Mitchell
Six Consultant Place, Suite 100A
Durham, NC 27707

James Mitchell
Six Consultant Place, Suite 100A
Durham, NC 27707

DEMO

James Mitchell
Six Consultant Place, Suite 100A
Durham, NC 27707

To Order Best Case Bankruptcy,
call toll free 1-800-492-8037

James Mitchell
Six Consultant Place, Suite 100A
Durham, NC 27707

James Mitchell
Six Consultant Place, Suite 100A
Durham, NC 27707

James Mitchell
Six Consultant Place, Suite 100A
Durham, NC 27707

James Mitchell
Six Consultant Place, Suite 100A
Durham, NC 27707

Kalnex Limited Partnership
Post Office Box 81335
Wellesley Hills, MA 02481

Lange, Brad, The Estate of
c/o James Mitchell
Six Consultant Place
Durham, NC 27707

MacKay, Keith
Tripzon
One Marina Park Drive, Suite 1400
Boston, MA 02210

Malone, Dale
7 Forest Avenue
Cohasset, MA 02025

Mason, W.B.
59 Centre Street
Brockton, MA 02301

Masso-Flores, Ramon
282 Palm King Hill Road
Mystic, CT 06355

Merchant, Bimal Raj
1400 E. Southern Avenue, Suite 620
Tempe, AZ 85282

Metro Cab
120 Braintree Street
Allston, MA 02134

Mitchell, James
Six Consultant Place, Suite 100-A
Durham, NC 27707

Nitsch, Stephen
26 Aspen Court
Manlius, NY 13104

NStar
Post Office Box 660369
Dallas, TX 75266

Pacer Service Center
Post Office Box 71364
Philadelphia, PA 19176

Pearlman Legal Enterprises
One Boston Place, Suite 2600
Boston, MA 02108

Peroz, Zoppo and Associates
Attn: Isaac Peres
75 Washington Street, Suite 6
Canton, MA 02021

Pitney Bowes
2225 American Way
Neenah, WI 54956

Poaps, Thomas M.
164 Pearl Street
Cambridge, MA 02139

Powers & Merchant, PLLC
1400 E. Southern Avenue. # 620
Tempe, AZ 85282

Powers, John
4421 N. 75th Place, # 102
Tempe, AZ 85281

Rowe, Brian
77 Corey Street
West Roxbury, MA 02132

Rubin, Jonathan
42 Garden Street
Cambridge, MA 02138

Salem, Michael
47 Carter Road
Kent, CT 06757

Self, Jessica
c/o James Mitchell
Six Consultant Place, Suite 100A
Durham, NC 27707

Scott and Frutcher, LLP
6 Donald Court West
Hurst, Montana 19102

Verizon
340 Washington Street
Boston, MA 02108

Village Software
c/o Ford D. Cavallari
50 Battery Street
Boston, MA 02109

Zray Technologies dba Ztelco
Attn: Bill Justice
9105 Chesapeake Drive
San Diego, CA 92123

DEMO

DEMO

DEMO

To Order Best Case Bankruptcy,
call toll free 1-800-492-8037.

Notes

Abbington Partners, LLC

Notes to Schedules

District of Massachusetts

Case no. 15-12351-FJB

# Table of Contents

I.    General

II.   Assets

III.  Intangible Property

IV.   Creditors

V.    Individuals and Entities Not Listed as Creditors

VI.   The Iacono Dispute

# I. General

## 1 Purpose of These Notes

- The purpose of these notes is to supplement the information contained on the schedules and statements. If there is a conflict between the schedules/statements and these notes, the information in these notes overrides any information contained in the schedules/statements.

## 2 Best Software

- For bankruptcy preparation software, I have downloaded a demo version of Best Software. The demo version prints "Demo" and "To Order Best Case Bankruptcy ..." on various pages. I cannot prevent this unless I purchase an unlocking key for $1995, which I cannot afford.

- For the creditor matrix, I have "cleaned up" the output by exporting it to Excel and then editing the contents, so the matrix does not have Demo, etc.

- For Schedule G, because the executory contracts have not changed, I have used the Schedule G from the Second Bankruptcy Case, which did not have "Demo" etc. The Second Bankruptcy Case was prepared using a different software package (published by Thomson Reuters) which no longer works on my computer and is no longer supported by Thomson Reuters.

## 3 As of the Petition Date

- These schedules are prepared as of the date the involuntary petition was filed.

## 4 Abbington's Income in 2013

- The Trustee listed Abbington's income for 2013 as $672,000. That is incorrect, the correct amount is $300,000.

## 5 Abbington's Income in 2014

- I have in my possession two bank statements from BB&T, showing total deposits of $23,036 and that is the amount I have listed for Abbington's income in 2014.

## 6 Assignment I

- On May 18, 2015, Abbington assigned to Mitchell all of its claims against Frank Iacono; South Haven Financial, LLC; Iacono Law, LLC; Powers & Merchant, PLLC; William Caven; Jonathan Rubin; Nicholas Grasso; Steven Giacalone; and Michael Salem. If Mitchell is successful in obtaining any monies from any of such individuals or entities, Mitchell agreed to pay an amount of money to such creditors and equity holders equal to the amount of monies they would have received had this assignment not occured. This is not listed under executory contracts because it is not an executory contract from Abbington's point of view.

## 7 Assignment II

- On May 18, 2015, Abbington assigned to Mitchell all of its claims against Bimal Raj Merchant and John Powers. If Mitchell is successful in obtaining any monies from any of such individuals or entities, Mitchell agreed to pay an amount of money to such creditors and equity holders equal to the amount of monies they would have received had this assignment not occurred. This is not listed under executory contracts because it is not an executory contract from Abbington's point of view.

## 8 Three Cases

- First Bankruptcy Case – Boston, Case no. 13-10224. Judge Joan Feeney.
- Second Bankruptcy Case – North Carolina, Middle District, Case no. B-14-80681. Judge Lena Masori James.
- Third Bankruptcy Case – Boston, Case no. 15-12351. Judge Frank J. Bailey.
- Prior Bankruptcy Cases – The First Bankruptcy Case and the Second Bankruptcy Case, together

## 9 Schedules Are Incomplete and Inaccurate

These schedules are incomplete and inaccurate, for several reasons, including without limitation as to paper documents:

- While Abbington was operating, it did not have the funds to hire a bookkeeper.
- Abbington was evicted from 76 Summer Street, Boston in February 2013. The movers were hired by and paid by the landlord and thus they were unconcerned with "orderly packing." Instead, they just throw various things into random boxes.

- Abbington's records were then stored in a warehouse in Boston and I believe one of the movers stole some of the items in the warehouse.

- When Abbington relocated to North Carolina, most of such paper records were stored in a warehouse. The rent for such warehouse has not been paid for more than 1.5 years and thus I do not have access to such records.

As for Abbington's electronic records, such records have been transferred several times to various servers.

# II. Assets

## 10 Books

- At various times Abbington has purchased books, in almost all cases computer technical reference books. In previous cases Abbington has listed such books on its schedules.

- As new versions of software are purchased, in some cases I have purchased updated books. For example, when Abbington was using Word 2010, Abbington had a book on Word 2010. As software is update, in some case new books are purchased and the old version was discarded.

- Having looked at the library, I do not see any books currently in the library that were purchased by Abbington.

# III. Intangible Property

Abbington's intangible property includes without limitation the following:

    i.    Prospect lists -- Abbington has developed a complete prospect list of every municipal issuer of ARS bonds;

    ii.    Macros to download official statements -- The municipal issuers of ARS bonds issue "Official Statements," which are similar to prospectuses. Abbington has developed computer macros to automate the downloading of approximately 5,000 official statements;

    iii.    Database of SIFMA rates -- Abbington maintains a unique database of SIFMA interest rates. SIFMA is a standardized index of rates paid by certain municipalities;

    iv.    Database of ARS vs. VRDO spreads -- VRDOs are variable rate demand obligations. Abbington maintains a unique database comparing spreads between ARS bonds and VRDOs;

    v.    Library of damage estimates -- Abbington maintains a unique comprehensive library of damage estimates for various issuers;

    vi.    Library of broker-dealer presentations -- Abbington maintains a unique library of various presentations made by broker-dealers to institutional issuers;

    vii.    Auction Rate Security Customer Relationship Management ("ARS CRM") database -- Using Microsoft SQL server, Abbington has developed a unique sophisticated and complex database of ARS data, comprising more than 50 tables and tens of millions of data elements;

    viii.    ARS CRM Application -- This is a unique front-end interface to the ARS CRM Database, built in Microsoft Access. It consists of hundreds of forms, queries, reports and Microsoft Visual Basic for Application ("VBA") modules which allow the user to input and edit data, to view and analyze date in numerous ways, and to generate different types of reports. More than six software developers have

worked on the ARS CRM Application since Abbington commenced
its development in May, 2011;

ix.   ARS CRM entity relationship diagrams --These are unique diagrams
      that describe the relationships between parent and child tables in the
      ARS CRM database;

x.    ARS CRM system specifications -- These are unique detailed
      technical specifications for the ARS CRM database and
      applications;

xi.   ARS CRM instructions -- This is a confidential user's manual for the
      ARS CRM application;

xii.  Financial Fraud Prosecution System ("FFPS") database – This is a
      unique database with an even more sophisticated architecture and
      infrastructure which enables Abbington to further analyze ARSs.
      The FFPS database is based on Microsoft SQL Server and consists
      of approximately 120 tables and tens of millions of data elements;

xiii. FFPS application -- Like the ARS CRM application, the FFPS
      application is a unique front end to the FFPS database that is written
      in Microsoft Access.     The FFPS application also consists of
      hundreds of forms, queries, views and reports;

xiv.  FFPS technical specifications -- These are detailed confidential
      technical specifications for the FFPS database and application;

xv.   FFPS user's manual -- This is the confidential user's manual for the
      FFPS application;

xvi.  Bloomberg macros -- Abbington has developed unique macros and
      other tools to download and analyze data relevant to ARS claims
      from Bloomberg;

xvii. Damage Template -- The first generation of Abbington's generic
      model to access economic losses is called the "Damage Template."
      It is a unique sophisticated Microsoft Excel model, 145 iterations of
      the Damage Template were developed;

xviii. Economic Loss Assessment ("ELA") -- After 145 versions of the
      Damage Template were developed, Abbington developed a newer,
      more advanced model, which is the ELA.     The ELA is currently
      in its 12th revision;

xix.  Bond Diagrams -- Abbington has developed unique bond diagrams

that graphically explain the ARS issuances and losses;

xx.  <u>Computation of Damages</u> -- The computations to determine the economic losses suffered by the issuers are extremely complex. Abbington has confidential memoranda which describe in great detail the theoretical underpinnings of such calculations;

xxi.  <u>Form document requests to the issuer</u> -- Abbington maintains unique form requests for documents, which are given to the issuer, preparing the issuer for the discovery requests it will receive from the broker-dealer once arbitration is commenced;

xxii.  <u>Library of Pending Litigation</u> -- Abbington maintains a unique library of pending lawsuits filed by broker-dealers, seeking to join arbitrations; and

xxiii.  <u>PowerPoint Presentations</u> -- Abbington has developed unique PowerPoint presentations for issuers.

# IV. Creditors

## 11  David J. Byer

- David J. Byer "worked" for Abbington for a few days. He claimed to be an experienced Microsoft Access software developer. Such statement was not true. In fact, he had the audacity to bill Abbington for some introductory Access books he apparently felt he needed to read. During the few days he spent at Abbington's offices, he accomplished nothing.

- When he started, he agreed to work "on the come" – i.e., a deferred basis. A few days later, a contract with such terms was presented to him. He apparently had changed his mind and he did not sign such contract. A few hours later, he quit.

- He subsequently filed suit against Abbington in New Hampshire, obtaining a judgment for approximately $3,300. Abbington feels that it is inconceivable that New Hampshire has any personal jurisdiction over New Hampshire, since all of Abbington's interactions with Byer were in Massachusetts and Abbington has never had any operations in New Hampshire. For that reason, Abbington has valued Mr. Byer's claim as zero.

- Abbington has a claim against Byer for filing a perjurious involuntary petition; such claim did not exist when the North Carolina bankruptcy schedules were filed.

## 12  Trevor Clement

- Before I and Abbington engaged attorneys Robert Cohan and Jonathan Plaut in connection with the Iacono dispute, I engaged Trevor Clement personally. Mr. Clement did some work on the Iacono dispute. However, the engagement agreement I signed with him did not obligate Abbington to pay Mr. Clement, it only obligated me to pay him. In other words, Abbington was not a party to such agreement. Therefore, I have valued Mr. Clement's claim as $0.

## 13  Chardon Law
## Cohan, Rasnick, Myerson & Plaut

- These two firms signed a *Contingent Fee Agreement* ("CEA") to represent Abbington and myself in the Iacono dispute. Because only certain monies were obtained (for which they were paid $100,000) and because they did not abide by the terms of the CEA, it is Abbington's position they are not owed any monies and that Abbington has claims against them.

## 14  Katie Collora

- I have asked Katie Collora to provide me with her address, which she has not done so. Once she does, I will list her correct address on amended schedules. In the meantime, I have listed my address as a "placeholder."

## 15  John DerBoghosian

- The Suffolk Superior Court ordered an attachment for $49,000 in favor of Mr. DerBoghosian, based on a "1X" theory of damages. Mr. DerBoghosian is claiming "3X" in damages plus attorneys' fees, based on his contention that he was an employee of Abbington, rather than an independent contractor.

- Abbington has claims against Mr. DerBoghosian for, among other things, breach of contract.

## 16  The Estate of Brad Lange

- Brad Lang provided software development services to Abbington. Subsequently, he died. His widow is Lara Wysong and I am assuming she is executrix of his estate. I have left three telephone messages for Ms. Wysong, which she has not returned.

- Assuming she does call me, I will ask her to provide me with her address, which I will list on amended schedules. In the meantime, I have listed my address as a "placeholder."

## 17  Dale Malone

- Dale Malone signed a Contingent Fee Agreement ("CEA") to represent Abbington in the Iacono dispute. Because he did not abide by the terms of the CEA, it is Abbington's position he is not owed any monies and that Abbington has claims against him.

- In addition, Dale Malone worked for Abbington out of Abbington's offices, and for that work, he claims he is owed $41,643.84.

## 18 James Mitchell

- James Mitchell quarterbacked a team which generated 18 signed Client Engagement Agreements from ARS issuer clients, more than every other group in the country combined. He thought of the idea, raised money, hire and trained the team, managed the team, and closed most of the clients, as well as finding the two receiving law firms to handle such cases. In addition, he has spent several thousand firms working on behalf of Abbington to attempt to obtain the monies that Frank Iacono and others have stolen.

- During much of such time, Mitchell was wildly underpaid and during much of such time, Mitchell received no compensation at all.

## 19 Perez, Zoppo and Associates

- Attorney Isaac Peres performed legal services for Abbington. Mr. Peres told me that his normal billing rate is $300 per hour. We agreed he would notify me of how many hours he spent representing Abbington. As of the time I served these schedules on the Trustee, he had not done so.

- Accordingly, I have estimated 100 hours were spent by Mr. Peres, and thus have valued Mr. Peres' claim at $30,000. It is possible that 100 hours is very much an incorrect number, I simply do not know. I am reasonably certain I will hear from Mr. Peres and he will give me the correct number, and I will file such number in amended schedules.

## 20 Jessica Self

- I have asked Jessica Self to provide me with her address, which she has not done so. Once she does, I will list her correct address on amended schedules. In the meantime, I have listed my address as a "placeholder."

# V. Individuals and Entities
# Not Listed as Creditors

---

## 21 Obu Adekore

- Obu Adekore performed software development services for Abbington. I have spent about 30 minutes to find him and I am unable to do so, and I am reasonably certain I will not be able to ever find him.

## 22 Karen Mitchell

- It is Karen Mitchell's position that she is not a creditor of Abbington.

## 23 Roshan Modi / Sharmili Das

- Ms. Das owns a condominium in Cambridge, which she leases to Roshan Modi. Mr. Modi subleased such condo to me, and a dispute arose. Abbington was not a party to the lease. Despite that, Modi was successful in obtaining from the Cambridge District Court an attachment over Robert Cohan's IOLTA account (such account held the $49,000 that John DerBoghosian had attached). Because of that, Mr. Modi and Ms. Das were listed as notice creditors in previous Abbington bankruptcy cases. Subsequently, Santander Bank was successful in convincing the Cambridge District Court in dissolving Mr. Modi's attachment, and thus I am now longer listing Mr. Modi or Ms. Das as notice creditors.

# VI. The Iacono Dispute

## 24  Amounts Listed on the Involuntary Petition

On the involuntary petition, the following amounts were listed as monies owed by the Debtor by the following purported creditors:

- Powers & Merchant, PLLC ("P&M") -- $321,542

- South Haven Financial, LLC -- $99,832

- Frank Iacono -- $247,714

## 25  Arbitration Award / Suffolk Superior Court

An award was entered against Abbington in the JAMS arbitration, and such award was then confirmed by the Suffolk Superior Court. Abbington believes that the odds are exceptionally high that the Massachusetts Appeals Court will reserve the decision of the Suffolk Superior Court. A few of such reasons include:

- Bimal Raj Merchant and Jonathan Powers signed clear agreement that James Mitchell would control P&M. Only the American Arbitration Association in Los Angeles has the authority to rule on such contracts. Thus, any action by P&M against Abbington was void as a matter of law.

- The arbitrator awarded attorneys' fees supposedly incurred by Iacono for not on matters relating to Iacono, but to third parties.

- The arbitrator "doubled dipped" in awarding damages to Iacono in Iacono's purchase of equity in P&M. Iacono cannot be awarded damages while being able to keep his equity in P&M.

Abbington believes that once the Massachusetts Appeals Court reverses and then remands to the state court, Abbington will be able to try such dispute before a jury, and jury will award substantial damages against the individuals and entities listed in this Chapter VI.

## 26  Workers

The following individuals all claim they were not workers for Abbington Partners, but rather for Powers & Merchant, PLLC, and thus are estopped from arguing they are

owed monies by Abbington for services. (Their statement is completely untrue, but that is the claim they are making.)

- William Caven
- Nicholas Grasso
- Jonathan Rubin
- Steven Giacalone
- Michael Salem
- Thomas Poaps

## 27  Jonathan Rubin

- Mr. Rubin filed a counterclaim against Abbington (and purportedly against James Mitchell) in the Suffolk Superior Court action. Subsequently, his attorney, Andrea Martin, stated that Mr. Rubin would not be pursuing such claim.

## 28  Michael Salem

- Mr. Salem filed a counterclaim against Abbington (and purportedly against James Mitchell) in the Suffolk Superior Court action. Subsequently, his attorney, Andrea Martin, stated that Mr. Salem would not be pursuing such claim.

# I. FedEx Kinko's

## 1  Auto Attendant

- 
- 
- 

## 2  Fedex

- 4900 NC Highway
  Durham  27713
  (919) 405-1800

- GPS:
  Meredith Drive

- Latest: 7:30

- 
- 

## 3

- 2311 Englert Drive
  Durham  27713
  (919)

- Hub station

- Latest: 8 pm

- 
- 

## 4  Airport

- 
- 
-

Exhibit "B"

Print | Close Window

**Subject:** RE: Bar Data for Proof of Claim
**From:** Alan L Braunstein <ABraunstein@riemerlaw.com>
**Date:** Tue, Jul 12, 2016 12:23 pm
**To:** "'jmitchell@abbingtonpartners.com'" <jmitchell@abbingtonpartners.com>, "trustee@jdesmond.com" <trustee@jdesmond.com>, "jdesmond@ecf.epiqsystems.com" <jdesmond@ecf.epiqsystems.com>, Mark W Corner <MCorner@riemerlaw.com>
**Attach:** image001.png

I am NOT nor have I even remotely sought to seek an agreement with you. The Trustee wants answers to my inquiry so that he can determine what direction to take as regards to claims that are in your amended schedules, including why you listed yourself as addressee of certain claimants and why these claimants were not listed previously.

**From:** jmitchell@abbingtonpartners.com [mailto:jmitchell@abbingtonpartners.com]
**Sent:** Tuesday, July 12, 2016 12:18 PM
**To:** Alan L Braunstein; trustee@jdesmond.com; jdesmond@ecf.epiqsystems.com; Mark W Corner
**Subject:** RE: Bar Data for Proof of Claim

# We are miles apart from reaching an agreement. My time and energy is limited, as is yours, so let's just argue our points in front of the judge.

-------- Original Message --------
Subject: RE: Bar Data for Proof of Claim
From: Alan L Braunstein <ABraunstein@riemerlaw.com>
Date: Tue, July 12, 2016 9:43 am
To: "'jmitchell@abbingtonpartners.com'"
<jmitchell@abbingtonpartners.com>, "trustee@jdesmond.com"
<trustee@jdesmond.com>, "jdesmond@ecf.epiqsystems.com"
<jdesmond@ecf.epiqsystems.com>, Mark W Corner <MCorner@riemerlaw.com>

Of course I am serious Mr. Mitchell. You are delaying the estate's administration and the Trustee expects the answers to the inquiry that I provided in my email.

**From:** jmitchell@abbingtonpartners.com [mailto:jmitchell@abbingtonpartners.com]
**Sent:** Tuesday, July 12, 2016 9:41 AM
**To:** Alan L Braunstein; trustee@jdesmond.com; jdesmond@ecf.epiqsystems.com; Mark W Corner
**Subject:** RE: Bar Data for Proof of Claim

# Mr. Braunstein, I think it is clear you are not serious, so I don't want to spent time deal with your side diversion. I will just file a motion and let the judge decide.

-------- Original Message --------
Subject: RE: Bar Data for Proof of Claim
From: Alan L Braunstein <ABraunstein@riemerlaw.com>
Date: Tue, July 12, 2016 9:31 am
To: "'jmitchell@abbingtonpartners.com'"
<jmitchell@abbingtonpartners.com>, "trustee@jdesmond.com"
<trustee@jdesmond.com>, "jdesmond@ecf.epiqsystems.com"
<jdesmond@ecf.epiqsystems.com>, Mark W Corner <MCorner@riemerlaw.com>

Mr. Mitchell:

Before the Trustee will even consider seeking any extension of the bar date for the alleged creditors ONLY, I have the following questions:

1. Why were these parties NOT listed in your earlier filings/matrixes with the court in Boston or North Carolina?

2. How could you possibly expect parties whose addresses you listed c/o yourself to get notices?

3. I presume that you informed Mr. Griesenbeck of the bar date and provided him a copy of the Notice.

4. Please provide me with whatever information that you have as regards to the obligations you contend that Abbington owes to the claimants who you contend did not receive the notice of the bar date, as well as the efforts you made to provide their addresses in the schedules/matrix. If you provide that information then the Trustee has the right to file a claim on their behalf to the extent he deems it to be valid.

5. The Trustee will not seek to extend the bar date, but may consider granting those persons or parties additional time to file claims because of lack of notice. Please supply me with whatever information you have as to the last known address for each of these parties.

6. The Trustee reserves any and all rights regarding your failure to adequately comply with the orders of the court, through the incomplete schedules and matrixes you provided and your continued amendments as well as misleading the Trustee by noting creditor addresses care of yourself; that in and of itself constitutes further efforts to impede the administration of the estate.

Alan L Braunstein
Riemer | Braunstein LLP
Three Center Plaza, Suite 600
Boston, Massachusetts 02108
Direct Dial: 617-880-3516
Direct Fax: 617-692-3516
ABraunstein@riemerlaw.com



RIEMER
BRAUNSTEIN

BOSTON NEW YORK CHICAGO BURLINGTON

**From:** jmitchell@abbingtonpartners.com [mailto:jmitchell@abbingtonpartners.com]
**Sent:** Monday, July 11, 2016 12:35 PM
**To:** trustee@jdesmond.com; jdesmond@ecf.epiqsystems.com; Mark W Corner; Alan L Braunstein
**Subject:** Bar Data for Proof of Claim

Gentlemen:

I am wondering if it makes sense to request that Judge Bailey enlarge the date for creditors to file a Proof of Claim, for the following reasons:

1. On April 25, 2016, the Court set a bar date of July 22, 2016. In its order, the Court said, "Notwithstanding the colloquy regarding the proposed date, the Court will set the bar dates for July 22, 2016." I read that to say in effect, initially we were talking about X date, but I have set a date later than X date.

2. The notice written by Mr. Braunstein is dated April 29, 2016.

3. For two of the creditors (Katie Collura and the Estate of Brad Lange), I did not know their address, so I listed their address "c/o James Mitchell."

4. I was wondering why I did not receive notices for them. In addition, last Friday, I asked Ralph Griesenbeck if he had received a notice and he said he had not.

5. Today (July 11) I received notices for Collura and Lange. The postmark on the R&B envelope is July 6, 2016.

6. According to your certificate of service, the first batch of notices were sent on June 24, 2016, 21 days after I served you with the Debtor's schedules.

7. According to your certificate of service, the second batch of notices were sent on July 6, 2016. In your footnote, you stated that these are for creditors added, but most of the noticed creditors were listed on the schedules served upon you on June 3, 2016.

8. My belief is that Judge Bailey intended for creditors to have more than 15 days notice.

What are your thoughts?

# James Mitchell
# (424) 249-7910

**Privileged And Confidential Communication.**
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

**Privileged And Confidential Communication.**
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

**Privileged And Confidential Communication.**
This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act (18 USC §§ 2510-2521), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

Copyright © 2003-2016. All rights reserved.