UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re:

ABBINGTON PARTNERS, LLC,

Debtor.

Chapter 7
Case No. 15-12351 (FJB)

## CHAPTER 7 TRUSTEE'S RESPONSE TO JAMES MITCHELL'S VERIFIED EXPEDITED MOTION TO ENLARGE THE BAR DATE FOR CREDITORS TO FILE A PROOF OF CLAIM

John O. Desmond, the duly appointed and acting Chapter 7 Trustee (the "**Trustee**") of the estate of Abbington Partners, LLC (the "**Debtor**"), hereby responds to James Mitchell's ("**Mitchell**") Verified Expedited Motion to Enlarge the Bar Date for Creditors to File a Proof of Claim (the "**Mitchell's Motion**"):

1.      This Court is all too familiar with the failure of the principal of the Debtor to appear at a section 341 meeting and to prepare schedules and matrix until directly ordered to do so by the Court.  Mitchell has also made threats to the Trustee and his professionals in an effort to make the case "go away."

2.      The Trustee has done his best to notify creditors and parties entitled to notice of the bar date; yet Mitchell persists in his efforts to delay and impede the Trustee's administration of the Estate, especially after the Trustee announced the intent of one of the largest creditors to convert the case to a Chapter 11 and fund a Chapter 11 Plan.[1]

3.      Despite having been compelled to attend the section 341 meeting and prepare the matrices and schedules, Mitchell failed to complete the latter in a timely fashion and after the

---

[1] The fact that Mitchell drafted and circulated a draft complaint against the Trustee and his counsel without the knowledge of Karen Mitchell whom he listed as a co-plaintiff who professed no knowledge of the complaint make Mitchell's propensity for malfeasance even more glaring.

date of this Court's order, then commenced filing a further amended schedules, twenty days later.

4.      Specifically, on April 25, 2016 Mitchell was ordered to file the matrix and schedules by June 1, 2016. The court upon Mitchell's request extended that date to June 3, 2016.

5.      Mitchell did not file the schedules until June 10, 2016. On June 24, 2016 he filed further amended schedules.

6.      Neither of the amended schedules prepared by Mitchell is complete or credible. Indeed, both contradict schedules submitted under oath by Mitchell in Abbington's two prior bankruptcies. For example, Mitchell himself lists himself in the June 24, 2016 amended schedules as having a $500,000.00 claim – which claim was never listed among the claims in the 2013 Massachusetts voluntary bankruptcy or in the 2014 North Carolina bankruptcy – where he lists the claim as $0. Equally contradictory is his earlier contention that Cohan Resnick (the **"Cohan Firm"**) represents himself and Abbington (for which Mitchell claims a privilege), yet at least one of the earlier schedules the claim the Cohan Firm represented only Abbington.

7.      An essential component in completing schedules and matrices under oath is the compilation and composition of correct and valid information, particularly as to obligations asserted against the Estate. In doing so the Trustee has undertaken efforts to serve notice of the bar date to all known creditors in this involuntary case. In fact in instances where a claimant refused to give to Mitchell his email address, the Trustee made efforts through another creditor to provide notice of the bar date.

8.      Most recently, after Mitchell's filing of the latest amended schedules and matrices, the Trustee endeavored to re-check the alleged creditors with the original list prepared by the Trustee and provided such additional parties with notice of the bar date. Curiously, most

2

of those claimants had addresses c/o James Mitchell which the Trustee presumed were insiders to whom only Mitchell had access.

9.     Nonetheless, the Trustee received an e-mail from Mitchell on July 11, 2016 (attached as Exhibit A) which for the first time states that the parties whose address Mitchell listed at his own address were persons he could not locate, thereby making Mitchell's matrices and schedules certainly as to those parties – seriously flawed.  Accordingly, the Trustee's counsel in his prompt response to Mitchell (annexed hereto as Exhibit "B") posed inquiries to Mitchell in order to consider whether the Trustee should extend the bar date for those parties only, or alternatively, as is permitted, file claims on their behalf, but only to the extent Mitchell could provide information regarding such obligations and why none of the obligations were listed on the schedules and matrices filed in the two earlier voluntary cases.[2]

10.     Mitchell refused to answer the questions posed by Trustee's counsel and instead filed an inflammatory pleading not dissimilar in attacks in his earlier communications to Trustee's counsel which prompted this Court to enter a restraining order against Mitchell.

11.     Nothing in the e-mails from the Trustee to Mitchell was disingenuous; yet nothing in Mitchell's Motion should be considered credible, especially after the Trustee and his professionals have gone to great lengths to best ensure notice to creditors entitled to notice – and if creditors do not receive timely notice to promptly remedy any deficiencies.

12.     Here, however, the Trustee cannot make a determination given that many of the persons Mitchell claims not to have received notice were located as having addresses c/o James Mitchell.  That is not the proper means to list a creditor whose address is unknown.  Though, Mitchell has repeatedly stated he has gone to "Herculean" efforts to provide information – which

---

[2] Curiously, one of those alleged creditors noted in Mitchell's e-mail filed an affidavit in the 2014 North Carolina stating he worked with Mitchell with no mention of obligations due from Abbington.

the Trustee disputes Mitchell will not provide responsive information to the Trustee regarding those alleged claimants he listed c/o himself and why Mitchell cannot locate these creditors despite having 45+ days to do so.

13.     The Trustee's suspicions are more than justified as to Mitchell's motivation. There are numerous ways to ensure valid claimants have adequate and timely notice to file claims, but a Trustee is entitled to request information from the preparer of the documents filed under oath before he files motions to extend bar dates that further delay the administration of the estate, caused solely by Mitchell.

14.     Accordingly, the Trustee requests that Mitchell be directed to appear in Court to argue his motion and to be cross examined regarding each of the claimants he alleges did not get notice to explain (1) why such persons or parties are creditors or may have claims against the Estate; (2) why so many were listed c/o James Mitchell and the efforts he made to locate their addresses; and (3) why most of these creditors were not listed on either of the voluntary bankruptcies filed by Abbington in 2013 and 2014. To the extent these persons are then determined to be valid creditors of Abbington (as opposed to creditors solely of Mitchell) after Mitchell provides documentary or testimonial evidence, then the Court can make a determination regarding the scope and date of any further notice. In fact, if Mitchell's contentions can be substantiated then the Trustee has no objection to the court establishing a second bar date only for those creditors to provide an extended opportunity for them to file proofs of claim.

15.     Alternatively, the court can determine if Mitchell clearly intended to further obfuscate the essence of the court's order of April 25, 2016 as opposed to Mitchell concocting a narrative with unsubstantiated dicta of no viability.

16.    Given that the need for credibility and veracity of the Amended and Further Amended Schedules, and matrices prepared by Mitchell and the discrepancies in the those amended schedules with those filed by Mitchell and those submitted in Abbington's 2013 and 2014 cases – all prepared and filed under the penalties of perjury – Mitchell should be held accountable.  Equally troubling is Mitchell's apparent assignment to himself of all claims of Abbington which he now claims in his Amended Schedules were transferred to Mitchell within a month of the involuntary petition, clearly highlight many of the irregularities and the obstructionist conduct by Mitchell that should not be tolerated by this Court.

RESPECTFULLY SUBMITTED,

JOHN O. DESMOND, CHAPTER 7 TRUSTEE OF THE ESTATE OF THE DEBTOR
By his counsel,

/s/ Alan L. Braunstein
Alan L. Braunstein (BBO #546042)
RIEMER & BRAUNSTEIN LLP
Three Center Plaza
Boston, Massachusetts  02108
Tel: (617) 523-9000
Fax: (617) 880-3456
abraunstein@riemerlaw.com

Dated: July 14, 2016